## AYER v. RITTER.

A testator devised and bequeathed a plantation and certain personalty to his executors in trust to apply the income to the support of his son Z and his family during his life, not subject to his debts, and after his death in trust to convey and deliver this plantation and a portion of the personalty to W. H., son of Z., to be the absolute property of W. H., and to divide, convey, and deliver the remainder of the personalty in equal shares to the other children of Z. In action by W. H., after the death of Z., to recover this plantation from a party in possession, *held*, that the use was not executed in W. H., under the statute, as there were duties for the executors as trustees to perform, and therefore without a deed from the executors W. H. did not have the legal title and could not recover.

Before KERSHAW, J., Barnwell, March, 1887.

This was an action by William H. Ayer against H. J. Ritter, for the recovery of the Campfield plantation, of which the defendant was in possession. The Circuit Judge ordered a non-suit, as the plaintiff, claiming under the will of his grandfather, Lewis M. Ayer (stated in the opinion), had produced no deed to himself from the executors, and therefore had no legal title. Plaintiff appealed.

*Mr. Jeff. Warren*, for appellant.

*Mr. Robert Aldrich*, contra.

July 13, 1888. The opinion of the court was delivered by

MR. JUSTICE McIVER. This was an action to recover possession of real estate, in which the plaintiff claimed title under the will of the late Lewis M. Ayer. The clause of the will is as follows: "My son, Zacheus Ayer, has lived on my Campfield plantation for the last thirty years as my overseer on said plantation, with liberty to use the income of the property to support his family, and it is my wish that he be allowed to continue to do so as long as he thinks proper; that is to say, I give, devise, and bequeath to my executors hereinafter named, my said Campfield plantation," together with sundry articles of personal property,

including the slaves on the place, "in trust nevertheless that my said executors shall apply the income of the property above mentioned in this item, solely and exclusively to the support and maintenance of my said son Zacheus and his family during his natural life (said income not to be subject to his debts or contracts), and after his death, in further trust, to convey and deliver to William Henry Ayer (the eldest son of Zacheus) the said Campfield plantation," together with one-sixth part of the slaves and all of the other personal property above mentioned, "to be the absolute property of the said William Henry Ayer, and to convey and deliver the remaining other five-sixths of the said slaves to the other five children of Zacheus, so as to divide them equally among said five children in fee simple."

The land in controversy is claimed as part of said Campfield plantation, and the plaintiff having failed to introduce any conveyance from the executors for the said land, the defendant moved for a non-suit, upon the ground that the plaintiff had failed to introduce any evidence showing title in himself to the land in dispute. The motion was granted, and plaintiff appeals upon the grounds set out in the record, which need not be repeated here, as the only question raised by the appeal is whether a conveyance from the executors was necessary to invest the plaintiff with the legal title to the land in dispute; and this depends upon the inquiry whether, under the terms of the testator's will creating a trust in favor of the plaintiff, the legal title passed directly to the plaintiff by the operation of the statute of uses, rendering a conveyance from the executors unnecessary, or whether the legal title remained in the executors as trustees under the will.

This question has been considered by this court in several recent cases, and it has been uniformly held "that the statute will not execute the use as long as there is anything remaining for the trustee to do, which renders it necessary that he should retain the legal title in order fully to perform the duties imposed upon him by the trust." *Bowen* v. *Humphreys*, 24 S. C., 452. Accordingly in that case it was held that where land is devised to trustees to divide the same equally and deliver possession to four children of testator, the legal title remained in the trustees until

those duties were performed, and hence that they were the proper parties to bring an action for the recovery from a third person of the land so devised. In *Huckabee* v. *Newton* (23 S. C., 291), land was conveyed to a trustee in trust to permit L. to enjoy the land during her natural life, without rendering rent or hire, and after her death that the said trustee would convey the land to her children then living, or to the children of such as might be dead, in equal shares; and it was held that this duty to convey rendered it necessary for the legal title to remain in the trustees, and hence the statute of uses did not apply. In *Bristow* v. *McCall* (16 S. C., 545), a testator devised his real estate to trustees for the use and benefit of his son E. and his daughter D., with directions to divide the same equally between said E. and D., and permit each to enjoy his or her half in severalty during his or her natural life, and upon the death of either to divide the share of the one so dying among his or her children equally. *Held*, that the duties thus imposed upon the trustees rendered it necessary that the legal title should remain in them, and prevented the operation of the statute of uses. In all these cases the rule above stated has been uniformly recognized and applied.

So, too, an examination of the cases in which the statute has been allowed to operate will show that they also impliedly recognize the rule, for they all rest upon the fact that by the terms of the instrument creating the trust, no such duty is imposed upon the trustee as renders it necessary that the legal title should remain in him. Thus in *Wieters* v. *Timmons* (25 S. C., 488), it was held, in the events which had happened, that the statute executed the use so far as the share of the issue was concerned, because there was no duty left for the trustee to perform, which rendered it necessary for the legal title to remain in him. He was not required to convey such share to the issue nor to divide the same amongst them, and there being nothing for him to do, there was no reason why the legal title should remain in him, and hence, by the operation of the statute of uses, it passed to the issue. So, too, in *Howard* v. *Henderson* (18 S. C., 184), it was held that the statute executed the use, because there was no duty imposed upon the trustee, rendering it necessary for the

legal estate to remain in him ; and the cases of *Bouknight* v. *Epting* (11 S. C., 71), and *Faber* v. *Police* (10 *Id.*, 376), rest upon a similar ground.

The older cases also, with perhaps one exception, recognize the same doctrine. In *McCaw* v. *Galbraith* (7 Rich., 80), it was held that the statute did not apply to the trust there created, because : "Not only is there a declaration that the legal estate shall be vested in the trustee, but there is the requirement of an act to be done by him, the conveyance of the estate in fee, which necessarily presupposes the fee to be in him." In *McNish* v. *Guerard* (4 Strob. Eq., at page 74), Johnston, Ch., in discussing this subject, says that it may be laid down as a rule derived from a consideration of the cases : "That where he to whom a conveyance is made has some duty to perform, for the perfect performance of which it is necessary that the legal estate be in him, the statute does not apply." So in *Porter* v. *Doby* (2 Rich. Eq., 53), it is said the test is, "that the trustee has some duty to perform, for the performance of which it is necessary that the title be regarded as abiding in him." In *Harley* v. *Platts* (6 Rich., at page 315), which though a case of personal property to which the statute of uses does not apply, Judge Glover, for the purpose of drawing an analogy, lays down the rule in regard to real estate, upon the authority of Sir William Grant in *Mott* v. *Buxton* (7 Ves., 201), in the following language : "Whenever any act is to be done by the trustee—as to convey—it is a trust and not a use executed."

It is true that the case of *Laurens* ads. *Jenney* (1 Speer, 356), appears to be an exception to the current of authority above cited, for in that case Evans, J., does say : "That it is not sufficient to prevent the estate from being executed that there may be something for the trustee to do. I would rather think the rule may be laid down that the trust will be executed, unless the object of creating it would be defeated, as in the cases of trusts for married women, and to preserve contingent remainders, or where the trustee has some discretion to be exercised in relation to the estate or the manner of applying the proceeds. Or, as was said by Chancellor Harper in *Posey* v. *Cook* (1 Hill, 414), there must be some object to be effected by the estate's remaining in

the trustees." On turning to that case, it will be seen that Chancellor Harper, after indicating some dissatisfaction with one of the modes of creating a trust not executed by the statute, laid down in *Ramsey* v. *Marsh* (2 McCord, 252; 13 A. D., 717), to wit: "Where the feoffees to a use were directed to receive the profits and pay them over to the person intended to be benefited," expresses a preference for the rule laid down in *Ramsey* v. *Marsh*, in the following quotation from Lord Hardwicke: "Where particular things are to be done by the trustees, it is necessary that the estate should remain in them, so long, at least, as those particular purposes required it." So that it would seem that the authority upon which Judge Evans relies lends support to the view which we have adopted, and has the sanction of the great name of Chancellor Harper.

It will, however, be observed that the terms of the trust under consideration in *Laurens* ads. *Jenney* were not like those under consideration in the present case. There the language was, "to have and hold the same for the use and benefit, and to apply the rents, issues, and profits thereof to and for each of the children, * * * share and share alike," and Judge Evans, after saying that the words "to hold for the use and benefit" of the *cestui que trust*, would be clearly an executed trust, proceeded to consider whether the additional words, "to apply the rents," &c., would prevent the operation of the statute; and it was in this connection that he used the language above quoted: "that it is not sufficient to prevent the estate from being executed, that there may be something for the trustee to do." But even if that case should be regarded as an apparent exception to the rule above stated, we do not think it sufficient to overthrow the numerous cases in which it has been recognized and followed.

This being the rule, it follows that, in the absence of any conveyance from the executors (who were also the trustees) to the plaintiff of the land in dispute, he had no legal title, and was not, therefore, entitled to recover in this action. The trust here was "to convey and deliver" to the plaintiff the plantation and personal property designed for his benefit, and to perform those duties thus required of them, it was necessary that the legal estate should remain in them. Indeed, to say nothing of the

case of *McCaw* v. *Galbraith, supra,* or of the remark made by Glover, J., in *Harley* v. *Platts, supra,* it seems to us that the case of *Huckabee* v. *Newton, supra,* is directly in point, and is absolutely conclusive of this case. We do not see how the fact that the remainders in that case were originally contingent, while here the remainder was a vested remainder, can affect the question. Upon the death of the life-tenant in that case the remainders were no longer contingent, and there was nothing for the trustee to do but make the conveyance to those who then became entitled, just as here, upon the death of the life-tenant, there was nothing for the trustees to do but "to convey and deliver" to the plaintiff the property to which he then became entitled.

It seems to us, therefore, that in any view of the case, while there is much force in the argument of appellant's counsel, the authorities require us to hold that the statute did not execute the use, and the legal title still remains in the trustees.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.