10521

YOUMANS *ET AL.* v. YOUMANS *ET AL.*

(105 S. E. 31.)

1. DEEDS—DEED IN TRUST CONVEYED LIFE ESTATE, RULE IN SHELLEY'S CASE NOT APPLYING.—A clause in a deed of certain property "in trust to and for the sole and separate use of my daughter, J., during her natural life and after her death to the heirs of her body forever, *held* to convey to the daughter only a life estate, so that remainder

goes to the heirs of her body *per formam doni,* the rule in Shelley's case not applying, although such daughter went into possession of the property, the trustees having the power under the deed to take possession of the property if they deemed it unsafe to leave it in the possession of the daughter.

2. DEEDS—DELIVERY PRESUMED FROM RECORDING.—Delivery of a deed will be presumed from the recording thereof.

3. LIFE ESTATE—NO ADVERSE POSSESSION AGAINST REMAINDERMEN.— Possession cannot be adverse, and the statute of limitations cannot run against remaindermen during the lifetime of the life tenant.

Before BOWMAN, J., Hampton, October term, 1919. Reversed.

Action for partition by Lula Youmans *et al.* against B. B. Youmans *et al.* From directed verdict for defendants, the plaintiff appeals.

*Mr. W. D. Connor,* for appellants, cites: *Conveyance to trustees for his daughter "during her natural life and after her death to the heirs of her body forever" created a life estate in her, the fee vesting in her children at their birth:* 36 S. C. 38; 15 S. E. 278; 67 S. C. 130; 45 S. E. 137; 36 S. C. 354; 15 S. E. 339; 42 S. C. 342; 20 S. E. 161; 3 Rich. Eq. 559; 16 S. C. 228; 1 Strob. Eq. 346; 1 Rich. Eq. 404; 16 S. C. 290; 35 S. C. 314; 67 S. C. 130; 23 S. C. 42; 11 Rich. Eq. 393; 97 S. C. 116; 104 S. C. 178. *Trustees had duty to perform and the trust was executory:* 4 Strob. Eq. 74; 29 S. C. 135; 7 S. E. 53; 15 S. E. 339; 2 Rich. Eq. 49; 42 S. C. 342; 20 S. E. 161. *Delivery of deed:* 13 Cyc. 567; 6 S. C. 122; Rice Eq. 243; 4 McC. 198; 19 S. C. 211. *Statute of limitations did not commence to run until death of life tenant:* 108 S. C. 300; 94 S. E. 113; 59 S. C. 507;

NOTE.—On the question of delivery of deed to third person, or delivery for record, or recording, see notes in 54 L. R. A. 865, 9 L. R. A. (N. S.) 224 and 38 L. R. A. (N. S.) 941.

38 S. E. 209.  *Plaintiffs having connected themselves with common source are not required to prove title of common source:* 54 S. C. 395.

*Messrs. W. Huger FitzSimons, Grier, Park & Nicholson, George Warren* and *W. B. DeLoach,* for respondents, cite: *If trustee holding legal title allows statute of limitations to run for necessary period his right and that of cestui que trustent is barred:* 50 S. C. 120; 40 S. C. 168; 47 S. C. 117; 78 S. C. 334; 85 S. C. 373.  *Unexplained possession is presumed to be adverse:* 48 S. C. 293.  *Entire estate was in trustees in fee subject to trust:* 78 S. C. 334.  *Death of trustee does not destroy the trust:* 61 S. C. 243.  *Possession must be so defined that lands may be located by metes and bounds:* 35 S. C. L. 23.  *Mrs. Youmans acquired a fee conditional and had the right to convey:* 17 S. C. 545; 77 S. C. 227; 47 S. C. 288; 98 S. C. 458; 8 Rich. Eq. 9; 2 Rich. Eq. 52; 84 S. C. 468; 85 S. C. 373; 42 S. C. 342; 67 S. C. 117; 52 S. C. 556; 17 S. C. 545.  *Recording does not constitute delivery, and by retention of paper during life of grantor without delivery it loses its character of a deed:* 2 Strob. Eq. 244; 83 S. C. 329; 85 S. C. 383; 23 S. C. 91; 44 S. C. 372; 81 S. C. 344; 82 S. C. 264.

November 10, 1920.

The opinion of the Court was delivered by MR. JUSTICE FRASER.

On the 20th day of November, 1844, Lewis Manker executed a certain trust deed to Henry Smart and James Walker, trustees, in which he conveyed to said trustees, for the sole and separate use of certain of his daughters, certain personal property and real estate.  The clause conveying the property for his daughter, Julia E. Manker, who afterward married Thomas Youmans, now deceased, reads as follows:

"To have and to hold the slaves, Cyrus, Kate and Mahaley, and the future issue and increase of the females. And, also, all that portion of the hereinbefore mentioned tract of land with the improvements thereon lying north of the said Charleston and Augusta Road, and one-half or portion of the stock of horses, hogs, cattle, wagons, plantation tools and household and kitchen furniture, in trust to and for the sole and separate use of my daughter, Julia E. Manker, during her natural life, and after her death, to the heirs of her body forever, not subject to the debts, contracts or engagements of any husband or any person or persons whatever.

"And I do hereby bind myself, my heirs, executors and administrators to warrant and forever defend all and singular the said lands, slaves, horses, cattle, hogs, wagons, tools trustees, in trust as aforesaid, authorizing and requiring and furniture to the said Henry Smart and James Walker, them to permit my said daughters to have possession, management and control of said property, and to receive the rent, labor, services, hire or profits thereof in all cases, so long as the said Henry Smart and James Walker, trustees, as aforesaid, or their successors in office, shall deem it safe and prudent to do so—but if the said Henry Smart and James Walker, or their successors in office, as trustees, shall deem it unsafe to leave the said property or any portion thereof, in the possession of my said daughters, the said trustees or their successors in office shall have the power to take possession of the said property and to hire the said slaves and to render to my said daughters the hire and wages thereof for their better maintenance and support of my said daughters and the support and education of their children."

Julia E. Manker married Thomas Youmans in 1846. He died in 1884. She died in November, 1911.

There were born to their marriage eight children, as follows: Edwin C. Youmans, who died unmarried and without issue before his mother, Julia E. Youmans; J. P. Youmans,

who died, leaving his will, in which his property is left as indicated in the testimony; Mrs. Louisa C. Lewis, who is still living; Cornelia Lewis, who died prior to her mother, Julia E. Youmans, leaving a number of children and grandchildren; B. B. Youmans, who is still living; Mrs. Annie Moore, who died before her mother, Julia E. Youmans, leaving a husband and two children; L. L. Youmans, who died before his mother, leaving certain heirs; and Calvin Youmans, who died before his mother, Mrs. Julia E. Manker, leaving certain heirs at law as set forth in the testimony herein.

In the years 1898, 1905, and 1906, Mrs. Julia E. Youmans conveyed by certain deeds, purporting to be fee simple conveyances, all of the tract of land north of the Orangeburg road, leaving out the heirs at law of Mrs. Cornelia Lewis and Mrs. Annie Moore, who were two of her children; which heirs at law have commenced this action for petition.

Plaintiffs contend that, under the old trust deed of Lewis Manker to Smart and Walker, Mrs. Youmans only took a life estate, and that the fee to the said lands vested in her children at their birth, and that the plaintiffs are now entitled to their distributive share in said lands. The Court overruled their contention and held that Mrs. Youmans took a fee conditional and that her conveyance, after the birth of issue, conveyed a fee simple to her grantees, and directed a verdict for defendants. The deed, however, allowed the trustees to take charge of the land, if they deemed it necessary, and manage it for the life tenant. The trustees had a duty to perform and the use was not executed, and, therefore, the rule in Shelley's case does not apply. The deeds of Mrs. Youmans conveyed only her life

estate and the remainder goes to the heirs of her body *per formam doni*.

Delivery of the trust deed is presumed from the record thereof. There is no sufficient evidence to rebut the presumption of delivery.

The defenses of adverse possession and the statute of limitations cannot be sustained, because the statute could not run against the remaindermen during the lifetime of the life tenant.

The judgment of the Circuit Court is reversed, and the case is remanded for partition in accordance with the rights and interests of the parties according to the views herein announced.

Messrs. Justices Hydrick and Watts concur.

The Chief Justice and Justice Gage absent on account of sickness.