BONEY v. CORNWELL *ET AL.*

(113 S. E., 686)

1.  TRUSTS—WHERE TRUSTEE INVESTED WITH POWER TO SELL AND REINVEST PROCEEDS, STATUTE HELD NOT TO EXECUTE TRUST.—Where the trustee was invested with the power to sell any portion of the land held in trust if in his judgment it would be to the interest of the beneficiaries, and reinvest the proceeds on the same terms, the trust was not executed by the statute.

2.  LIMITATION OF ACTIONS—INTEREST OF REMAINDERMEN BARRED BY ADVERSE POSSESSION AGAINST TRUSTEE.—Where the legal title is vested in a trustee who has active duties to perform, the interest of remaindermen may be barred by adverse possession as against trustee.

Before RICE, J., Chester.  Fall term, 1921.  Affirmed.

Action by J. W. Boney against Mary J. Cornwell, et al. Judgment for plaintiff and defendants appeal.

*Messrs. Gaston & Hamilton,* for appellants, cite: *Trustee cannot defeat his own trust:* 100 S. C., 220.  *Adverse possession cannot run against remaindermen during lifetime of life tenants:* 115 S. C., 186; 108 S. C., 308; 82 S. C., 536.  *Lands impressed with trusts:* 50 S. C., 128; 35 S. C., 422; 10 S. C., 376.  *Use was executed in the remaindermen:* 82 S. C., 539; 18 S. C., 184; 78 S. C., 150; 2 Wash. Real. Prop., 1351.  *No adverse possession where lines were incorrectly run:* 114 S. C., 303.  *Courts will preserve trusts:* 112 S. C., 297.

*Messrs. Samuel E. McFadden* and *Glenn & Glenn,* for respondent, cite: *Third parties may hold adversely to trustee and cestui que trust:* R. C. L., 754; 12 A. L. R., 249; 4 L. R. A. (N. S.), 776; 44 Am. Dec., 157; 14 Am. Dec., 157; 14 Am. Dec., 761; 2 A. L. R., 478; 51 S. E., 856; 58 S. E., 1083; 100 S. E., 515; 102 S. E., 423; 102 S. E., 714; 78 S. C., 143; 78 S..C., 334; 82 S. C., 534; 50 S. C., 120; 85 S. C., 373.

September 26, 1922.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Action for the recovery of certain real estate.  This is the second appeal in the case.  See 117 S. C., 425; 109 S. E., 271.  The former appeal settled adversely to the plaintiff his claim to the disputed area under a deed from Mary C. Holler, sole heir at law of Dr. Cornwell, grantee of Jane I. Cornwell, the former owner of the property. Upon the second trial the plaintiff relied upon title by adverse possession.

As explained in the former decision, the failure of the deed to cover the disputed area is due to the location of the

eastern boundary line of the 13-acre tract conveyed by Jane I. Cornwell to Dr. Cornwell on February 15, 1878; the Court holding that that line should be located in the center of the track of the railroad rather than along the western boundary of the right of way.

There is testimony tending to show that, upon the delivery of the deed referred to, Dr. Cornwell went into possession of the 13 acres, which, according to a survey declared erroneous by this Court, included the area in dispute, built upon it, and continued in open, adverse possession until he died in 1910; that he died intestate leaving Mary C. Holler, his daughter, the sole heir at law; that she held possession until 1916, at which time she conveyed 63 acres, which included the 13 acres, to the plaintiff. The contention of the plaintiff, therefore, is that Dr. Cornwell and his daughter had possession of the disputed area for 38 years.

The 13 acres conveyed by Jane I. Cornwell to Dr. Cornwell were a part of a large body of land which belonged to Jane I. Cornwell, and the contention of the defendants is that the disputed area, having been adjudicated by this Court as not being covered by the deed referred to, remained the property of Jane I. Cornwell, and passed under her will, as will be explained. This will is dated in 1870, and took effect at her death in February, 1878, a few days after the execution of the deed to Dr. Cornwell referred to. By the will the testatrix devised her entire estate to her stepson, Eli Cornwell, in trust for the use and benefit of himself and his wife, Mary C. Cornwell, during their joint lives, and to the survivor for life, and, after the death of both, to be equally divided between the children of Mary C. Cornwell then living, and the children of such as may have predeceased her. Eli Cornwell, the trustee and joint life tenant in interest, died in 1910, and his wife, Mary C. Cornwell, died in 1920 after the institution of this action in 1916. The other defendants are the children and claim

the land as remaindermen under the will of Jane I. Cornwell upon the death of Mary C. Cornwell, the surviving life tenant in interest in 1920.

The sole question for determination is whether or not Dr. Cornwell could have acquired title by adverse possession of the land as against the defendants' *cestui que* trustent or remainderman under the will. If it should be decided in the affirmative, the issue of fact was fairly submitted to the jury, and their verdict is conclusive upon this Court. If in the negative, the verdict should have been directed in favor of the defendants.

Under the will the trustee, Eli Cornwell, was specifically invested with the power and authority to sell any portion of the land held in trust if in his judgment it would be to the interest of his family, and reinvest the proceeds of the sale upon the same terms. The trust was therefore not executed by the statute. In 39 Cyc., 213, it is said:

"The test being that the trustee has imposed upon him expressly or by implication some active and substantial duty to perform, or useful purpose to subserve, or discretion to exercise, with respect to the control, protection, management or disposition of the trust property such as the investment or reinvestment and care of the property," etc.

In *Carrigan v. Drake,* 36 S. C., 354; 15 S. E., 339, it is held, quoting from the syllabus:

"Where real property is conveyed to a trustee, with power to sell and reinvest proceeds, if at any time he should deem it best for the interest of his *cestui que* trust, a duty is imposed upon the trustee which requires him to hold the legal title, and the use is not executed by the statute."

See, also, *Reynolds v. Reynolds,* 61 S. C., 243; 39 S. E., 391; *Posey v. Cook,* 1 Hill, 413; *Pope v. Patterson,* 78 S. C., 334; 58 S. E., 945; *Youmans v. Youmans,* 115 S. C., 186; 105 S. E., 31; *Steele v. Smith,* 84 S. C., 471; 66 S. E.,

200; 29 L. R. A. (N. S.), 939; *Jenney v. Laurens,* 1 Speers, 356.

2    The trust not being executed, the legal title remained in the trustee, and that title, covering also the interests of the remaindermen, was subject to be barred by adverse possession.

In *Benbow v. Levi,* 50 S. C., 120; 27 S. E., 655, it is said:

"If a trustee holding the legal title to land allows the statute of limitations to bar an action, or a presumption of a grant to arise, the right of action for the land is barred, and his *cestui que* trust is barred also. A married woman is bound by the failure of her trustee to sue at the proper time and in the proper manner."

See, also, *Young v. McNeill,* 78 S. C., 143; 59 S. E., 986; *Pope v. Patterson,* 78 S. C., 334; 58 S. E., 945; *Breeden v. Moore,* 82 S. C., 534; 64 S. E., 604; *Milton v. Pace,* 85 S. C., 373; 67 S. E., 458.

The expression in *Youmans v. Youmans,* 115 S. C., 186; 105 S. E., 31, "the defenses of adverse possession and the statute of limitations cannot be sustained, because the statute could not run against the remaindermen during the lifetime of the life tenant," should be confined to legal estates; it has, under the foregoing authorities, no application to cases where the legal title is vested in the trustee who has active duties to perform.

The judgment of this Court is that the judgment of the Circuit Court be affirmed.