## 11293

### MOYLE v. CAMPBELL

#### (119 S. E., 186)

1. TRUSTS—STATUTE HELD NOT TO EXECUTE TRUST, TRUSTEE HAVING POWER TO SELL AND REINVEST PROCEEDS.—Where trustees were vested with a discretionary power, with the approval of the life beneficiary, to sell and reinvest the proceeds, the trust was not excuted by the statute prior to life beneficiary's death.

2. TRUSTS—TEST WHETHER STATUTE EXECUTES TRUST STATED.—Where the intention is that the estate shall not be executed in the *cestui que* use, and any object is to be effected by its remaining in trustee, or so long as there is anything remaining for trustee to do rendering it necessary for him to retain the legal title to fully perform his duties, the legal estate will not be executed by the statute.

3. ADVERSE POSSESSION—TITLE BY ADVERSE POSSESSION ACQUIRABLE AGAINST TRUSTEE AND BENEFICIARY.—Where the legal estate in fee in trustees, adverse possession for the requisite period will result in the acquirement of a good title as against both trustees and *cestuis que* trust.

4. PROPERTY—LEGAL TITLE CARRIES PRESUMPTION OF POSSESSION.—The legal title carries a presumption of possession.

5. HUSBAND AND WIFE—RECORDING IN OFFICE OF SECRETARY OF STATE HELD INSUFFICIENT.—The recording of a marriage settlement deed in the office of the secretary of the State was not a sufficient compliance with Act. Dec. 20, 1823 (6 St. at Large, pp. 212, 213), to constitute constructive notice.

---

NOTE: On adverse possession by third party or stranger of property held adversely in trust, see note in 2 A. L. R., 41.

On question of destruction of record of deed or mortgage as affecting constructive notice imparted thereby, see note in 23 L. R. A. (N. S.), 1180.

6. VENDOR AND PURCHASER—AFTER LAPSE OF STATUTORY PERIOD WITH-OUT RE-RECORDING DESTROYED RECORD HELD NO NOTICE.—If the record of an instrument was destroyed during the Civil War, and the original was preserved, but was not re-recorded within the statutory period, the original registration does not operate as notice to sub-sequent creditors and purchasers.

7. VENDOR AND PURCHASER—ACTUAL NOTICE EQUIVALENT TO REGISTRA-TION.—Actual notice of the nature and purport of an instrument will supply the place of registration.

8. VENDOR AND PURCHASER—PLAINTIFF HAS BURDEN OF PROVING RECORD OR THAT SUBSEQUENT PURCHASER HAD ACTUAL NOTICE.—A plaintiff claiming land under a marriage settlement deed has the burden of proving that his deed had either been recorded or that defendant, claiming as an innocent purchaser for value under a conveyance subsequent to the Act Dec. 24, 1888 (20 St. at Large, p. 15; Code Civ. Proc., 1922, § 5313), had actual notice of the nature and purport of the deed.

9. VENDOR AND PURCHASER—NOTICE OF RECITALS IN CHAIN OF TITLE IMPUTED.—The law imputes to a purchaser of realty notice of the recitals in the instruments forming his chain of title.

10. VENDOR AND PURCHASER—DEFENDANT HELD TO HAVE NOTICE OF UNRECORDED DEED.—Where an instrument in defendant's chain of title contained a .reference to a judgment roll in the office of the clerk of Court, an inspection of which would have disclosed the na-ture and purport of an unrecorded deed, defendant had such notice as will supply the place of registration.

Before W. R. RICHEY, SPECIAL JUDGE, Beaufort, December, 1922. Reversed and remanded.

Action by Annie C. Moyle against J. W. Campbell. Judgment for plaintiff and defendant appeals.

*Messrs. W. J. Thomas, Thos. Talbird* and *Randolph Murdaugh,* for appellant, cite: *Marriage settlement must be recorded in county of residence:* 6 Stat., 212; 6 Rich. L., 162. *And re-recorded after* 1865; 13 Stat., 345; 5 S. C., 146. *Record elsewhere is no notice:* 79 S. C., 573. *Trust not executed under the Statute:* 36 S. C., 365; 29 S. C., 135; 23 S. C., 512; 23 S. C., 591; 61 S. C., 249; 78 S. C., 148; 16 S. C., 548; 4 Strob. Eq., 74; 2 Rich. Eq., 53; 116 S. E., 7; 113 S. E., 686; 1 Hill 43; 78 S. C., 334.

*Mr. George W. Beckett,* for respondent, cites : *Marriage settlements were to protect parties dealing with the husband:* 4 Stats., 565; 16 Stats., 265. *Failure to record voids settlement only as to creditors of husband:* 2DeS., 254; 4 DeS., 227; 3 Brev., 474; 1 DeS., 407; 1 Nott & McC., 452; Harp. Eq., 170; Speers. Eq., 233. *Recording statutes have no application to suit between parties:* 1 Rich. Eq., 187; Rich. Eq. Cas., 209; Riley's Ch., 47; McC. Eq., 115; 7 Rich. Eq., 54; Speer Eq., 233. *Notice from record in office Secretary of State:* 6 Stat., 212. *Attested copy as evidence:* 1 Civ. Code 1912, Sec. 3992; 24 Stat., 909. *Statute of Limitations does not begin to run against remainderman until death of life tenant:* 1 Civ. Code 1912, Sec. 3552; 59 S. C., 137; 59 S. C., 440; 78 S. C., 143; 54 S. C., 395. *Estate of remainderman:* 17 R. C. L., 982; 15 Am. Dec., 433; 54 S. C., 413; 4 Peters 1; 54 U. S., 395; 23 R. C. L., 506; Ann. Cas., 1914-C, 742. *Rights in case of sale by life tenant:* 23 R. C. L., 590, Sec., 157; 16 S. C., 228; 15 L. R. A. (N. S.), 1154; 59 S. C., 498. *No adverse possession against remaindermen until death of life tenant:* 23 R. C. L., 590; 59 S. C., 137; 15 L. R. A. (N. S.), 1154; 54 S. C., 440; 54 S. C., 395; 78 S. C., 143; 11 A. L. R., 159. *No duties for trustee, estate vests:* 1 Civ. Code 1912, Sec. 3673; 61 S. C., 250; 2 McC., 252; 32 S. C., 72; 26 R. C. L., 1177; 33 S. C., 367; 46 S. C., 502. *Statute of uses in force:* 1 Speers L., 356; 2 McC. L., 252; 18 S. C., 184; 52 S. C., 554; 71 S. C., 426. *Claimants under life tenant charged with notice:* Harp. Eq., 170; 3 Brev., 474; McM. Eq., 448; 1 Nott & McC., 452; 5 Rich. Eq., 531; 3 Rich Eq., 33; 7 S. C., 209; 12 Rich. L., 13; 2 McC. Ch., 118; 76 S. C., 445. *Effect of decree in partition:* 3 DeS., 203; Bail. Eq., 208; Jones Ev. Sec. 585-587; 50 Am. Dec., 109; 20 R. C. L., 785; 95 U. S., 734; 34 Am. Dec., 427; 12 Rich. L., 13. *And on whom binding:* 76 S. C., 445; 2 McC. Ch., 118; 2 S. C., 68; 1 N. & McC., 329; 2 Hill Ch., 335; McM., 373; 3 Strob., 108; 1 Speer 80; 15 R. C. L. 641. *Matrimonial*

*domicile:* 9 R. C. L., 641; 10 Rich. Eq., 163. *Notice of instrument is notice of its contents:* ` 20 R. C. L., 353; 17 Wall 1; 142 U. S., 417; 16 Am. Dec., 754; 23 Am. Dec., 50. *Index no part of record:* 45 S. C., 69; 67 S .C., 251; 76 S. C., 449.

September 12, 1923.

The opinion of the Court was delivered by MR. JUSTICE MARION.

The plaintiff, claiming as a remainderman under a deed in the form of a marriage settlement, executed in 1856, brought this action in January, 1922, to recover possession of 100 acres of land in Beaufort County. On the trial below the presiding Judge refused defendant's motion for nonsuit, and granted plaintiff's motion for the direction of a verdict. From judgment on the verdict, the defendant appeals.

The nature of the questions raised necessitates a ` full statement of the relevant evidential facts.

In July, 1856, Annie P. Fripp, being about to marry Charles C. Lee, and being the owner in fee of an undivided interest in certain personal property and in real estate, situate in Beaufort district, of which the land here in controversy was a part, entered into a tripartite agreement providing for the conveyance and settlement of her said property. The parties to this contract were Annie P. Fripp, spinster, of the first part, Charles C. Lee, the prospective husband, of the second part, and Ann H. Fripp and William J. DeTreville, trustees, of the third part. The venue of this contract and of the probate thereof is laid in the "State of South Carolina, Beaufort district." All of the parties thereto, except Charles C. Lee, appear to have resided in Beaufort district. The legal domicile of Charles C. Lee at the time of the execution of the contract was in the State of North Carolina. Within five days after the date of its execution the instrument was recorded in the office of the Secretary of State. All records in the Beaufort County Courthouse were destroyed during

the Civil War. It does not affirmatively appear that this deed was ever recorded in the office of the register of mesne conveyances of Beaufort district. The instrument was not recorded or re-recorded therein after the Civil War. The marriage contemplated by the parties to this contract was subsequently consummated. Thereafter the matrimonial domicile of the husband and wife was the State of North Carolina.

By the terms of the marriage settlement Annie P. Fripp conveyed unto Ann H. Fripp and Wm. J. DeTreville, as trustees, to them and to the survivor of them, and the heirs, executors, and administrator of such survivor, the real and personal property therein described, in trust for the following uses: (1) For Annie P. Fripp, her heirs and assigns, until the solemnization of the marriage; (2) thereafter in trust to pay over to Charles C. Lee the rents, profits, income, etc., of the property for the joint use and maintenance of Charles C. Lee and Annie P. Fripp for and during their joint lives, to be free, however, from the debts, contracts, etc., of Charles C. Lee; (3) after the death of either of them in trust to permit and suffer the survivor of them to take the income and profits for his or her use and maintenance, and the maintenance of any issue of the marriage then living, during his or her natural life; (4) after the death of such survivor to apply the income and profits to the use and maintenance of the children of the marriage until the eldest attains the age of 21 years or marries; (5) upon the happening of either of said events in trust to "reconvey, retransfer, and assign" all the property to the child or children living at the death of the survivor, to be equally divided, etc., the child or children of any deceased child to take the share the parent would have taken, etc.; (6) in default of issue, then in trust to convey and set over the property to the heirs at law of Annie P. Fripp, to be divided according to the Statute of distribution, freed and discharged from the trust. The deed further empowers the "trustees and the survivor of them and

the heirs, executors and administrators of such survivor at any time or times during the joint lives of the said Charles C. Lee and the said Annie P. Fripp, and the life of the survivor of them, by the direction and with the approbation of the said Charles C. Lee and Annie P. Fripp, or the survivor of them, testified by any writing,  *  *  * to make sale of, transfer in exchange for or in lieu of any other lands or negroes, any part or parts of the land,  *  *  *  to be sold and exchanged in fee simple and absolutely to any person or persons whomsoever for such price or prices in money or any other equivalent as to such trustees of the survivor of them, his heirs, executors and administrators, shall seem reasonable," provided, nevertheless, that the proceeds of any such sale or exchange etc., shall, "with such consent and approbation," be reinvested for the uses declared.  The trustees, "in consideration of the premises and of five dollars to them paid," covenant and agree that they will receive the personal property "and will enter on and possess themselves of  *  * *  the real estate;  *  *  *  that they will hold and manage the said real estate," etc., in and upon the trusts and for the uses declared.  Charles C. Lee died.  His wife, Annie P. Fripp Lee, survived him, and afterward married Matthew Moyle.  She died September 12, 1920.

The plaintiff, who at the time of the trial was 65 years old, is a child of Charles C. Lee and his wife, Annie P. Fripp, and was the only child of said marriage living at the death of her mother, except possibly on sister who had not been heard from or of for many years.  The trustees named in the marriage settlement were dead at the date of the death of Annie P. Moyle (Lee, nee Fripp).  One of these trustees, Wm. J. DeTreville, was living in 1886, in which year an undivided interest in certain land, embraced in the marriage settlement, of which the tract here involved appears to be a part, was set apart and allotted to said Wm. J. DeTreville, as trustee for Annie P. Moyle (formerly Lee, nee Fripp), in a suit for partition, the record in which suit forms judg-

ment roll No. 1703 in the office of the clerk of the Court for Beaufort County. It was therein adjudged that the title or estate in and to the land so set apart was in the said Wm. J. DeTreville in fee as trustee for the said Annie P. Moyle. The answer of Wm. J. DeTreville in said partition suit refers to the foregoing marriage settlement, "recorded in Secretary of State's office in Columbia," as the grant from which his authority as trustee is derived. Wm. J. DeTreville died about 1898, leaving surviving him a son, who was living at the time of the trial. In 1902, Annie P. Moyle (formerly Lee, nee Fripp), with the knowledge of this plaintiff, by an ordinary warranty deed purporting to convey the fee, conveyed the land here in controversy to David L. Kistler for value. This deed contains the following:

"For Father Reference, Mrs. Annie P. Moyle inhearet the above lands from her farther, Edward Fripp. For Further Reference, see papers filed in the Clerk office of Beaufort County, South Carolina, No. 1703."

On July 22, 1904, David L. Kistler conveyed for value by warranty deed to J. W. Campbell, the defendant, and C. M. Guffin. Under this deed the defendant, Campbell, entered into possession, erected buildings, and has lived on the land and farmed it, claiming it as the property of himself and cotenant, since 1904. In May 1919, his cotenant, Guffin, conveyed to the defendant. Plaintiff testified that her mother had been in possession of the land as far back as she could remember, up to the time it was sold, and defendant that he had never had any information or idea or reason to believe there "was any outside interest in it."

Plaintiff's legal position, sustained by the trial Judge, embraces the following propositions: (1) That the recording of this marriage settlement in the office of the Secretary of State was a sufficient compliance with the recording Statutes, and charged the plaintiff as a matter of law with constructive notice of the terms of the deed; (2) that, even if such recording was not a sufficient compliance with the statutory

law, the evidence warranted the Circuit Judge in indulging one or both of the inferences of fact (a) that the deed had also been recorded in apt time in the office of the register of mesne conveyances for Beaufort district, and (b) that the defendant had in any event actual notice through the reference in his chain of title (Kistler deed) to judgment roll No. 1703 in the clerk's office; (3) that, at the time of the conveyance by Annie P. (Fripp) Moyle to defendant's predecessor in title, the Statute had executed the trust created by the marriage settlement, and the legal title was then in the said Annie P. Moyle as life tenant and in this plaintiff and her sister as remaindermen; (4) that the deed of Annie P. Moyle, under which defendant holds, conveyed, and could convey, no more than the grantor's legal estate for life, and that no holding thereunder could start the Statute of Limitations to running or ripen into title before the death of the life tenant.

The defendant expressly denies the validity of each of plaintiff's foregoing contentions. Affirmatively stated, defendant's legal position on the merits embraces the following propositions: (1) That he was an innocent purchaser for value without notice, (a) in that the marriage settlement under which plaintiff claims had never been recorded as required by law (6 Stat., 212; 13 Stat., 345) in the office both of the Secretary of State and of the register of mesne conveyances for Beaufort district, and (b) in that he had no actual notice of that instrument or of its nature and purport; (2) that, in any view, the issue as to notice involved disputed questions of fact, which should have been submitted to the jury, and were erroneously determined by the trial Judge in plaintiff's favor; (3) that by the terms of the marriage settlement deed the legal estate in fee, vested in the trustees therein named and their successors in office, was not executed in the *custuis que trustent,* and "that the fee to the property in question was in the trustee up to the death of Annie P. Moyle"; (4) that defendant had acquired valid legal title to

the premiess by adverse possession against the trustees under color of title for more than 10 years prior to the death of Annie P. Moyle.

The defendant, as the appellant here, by his exceptions assigning error in refusal of the nonsuit and in the direction of a verdict for the plaintiff, sufficiently raises each of the questions involved in the several propositions stated.

1, 2    It is apparent, we think, that the question of law which is practically decisive of the case is whether under the deed of marriage settlement the legal estate thereby vested in the trustees was executed in the *cestuis que trustent* prior to the death of Annie P. Moyle (formerly Lee, nee Fripp). The legal test applicable to the determination of that question is the well-established general rule approved and applied by this Court in numerous cases, "that, where the intention is that the estate shall not be executed in the *cestui que* use, and any object is to be effected by its remaining in the trustees" (Harper, J., in *Posey v. Cook,* 1 Hill, 413), or "as long as there is anything remaining for the trustee to do, which renders it necessary that he should retain the legal title in order fully to perform the duties imposed upon him" (Mr. Justice McIver in *Bowen v. Humphreys,* 24 S. C., 452), then the legal estate vested by an appropriate instrument of conveyance in a trustee or trustees will not be executed by the Statute (*Spann v. Carson* [S. C.], 116 S. E., 427, and list of cases therein cited in concurring opinion of Mr. Justice Cothran). Applying the rule to the deed of marriage settlement here involved, we are clearly of the opinion the Statute did not operate to execute the trust thereby created, and that the legal title to the land thereby settled remained in the trustees, certainly until the death of Annie P. Moyle, the surviving beneficiary for life. Reference to the provisions of this instrument, as above outlined, will disclose that one of the substantial powers devolved and one of the important duties imposed upon the trustees was, "at any time" during the life of Annie P.

Moyle (Lee, nee Fripp), by her direction and with her approbation, "to make sale of, transfer in exchange for or in lieu of other land," etc., any part of the lands, etc., "to be sold and exchanged in fee simple and absolutely  *  *  * for such price or prices," etc., "as to such trustees, or the survivor of them, his heirs, executors and administrators shall seem reasonable," etc.; the proceeds to be reinvested by the trustees, with the consent and approbation of the *cestui que* trust for life. The right of the *cestui que* use during her life to direct and approve a sale or exchange and to consent to a reinvestment of the property was a substantial incident of the estate to her limited, and the wisdom of the provision therefor is not inaptly illustrated by the occasion which seems to have arisen for her attempted sale to Kistler. That the object to be effectuated by such provision, viz., the absolute conveyance in fee simple, at the direction of the *cestui que* use for life, could only be accomplished by the retention of the legal title in the trustees during the life of such beneficiary, is obvious.

"Not only is there a declaration that the legal estate shall be vested in the trustee, but there is the requirement of an act to be done by him, the conveyance of the estate in fee, · which necessarily presupposes the fee to be in him." *Mc-Caw v. Galbraith,* 7 Rich., 80.

That the imposition upon the trustee of this duty to convey the fee will prevent the trust estate from being executed was expressly held by this Court in *Huckabee v. Newton,* 23 S. C., 291, and in *Ayer v. Ritter,* 29 S. C., 135; 7 S. E., 53. In the latter case the decisions are reviewed by Mr. Justice McIver, and the conclusion therein reached held to be in accord with the current of authority in this State, with the possible exception of the case of *Jenney v. Laurens,* 1 Speer, 356. But it may be observed that even in that case it is distinctly recognized that one of the kinds of trust not executed by the Statute is "where the trustee has some discretion to be exercised in relation to the estate or the manner

of applying the proceeds." By the terms of the marriage settlement here such discretion in relation to the estate, in the matter of accepting a price or equivalent value for land to be sold or exchanged and of reinvesting the proceeds, is expressly conferred. In *Steele v. Smith,* 84 S. C., 471; 66 S. E., 202 (29 L. R. A. [N. S.], 939), the Court, upon the authority of the cases just cited, speaking through Mr. Chief Justice Jones, said:

"The authorities in this State warrant the conclusion that the duty to 'convey' in a case like this will prevent the execution of the trust in the remaindermen under the Statute until after the death of the life tenant."

See, also, *Wilson v. Cheshire,* 1 McCord, Eq., 233, and *Holmes v. Pickett,* 51 S .C., 280; 29 S. E., 82. Where, as in this case, the duty of the trustee to convey during the life of Annie P. Moyle was coupled with a discretionary power as to both sale and reinvestment, the conclusion that the trust was not executed by the Statute prior to the death of Annie P. Moyle is, we think, too clearly required to justify more extended discussion. *Boney v. Cornwell,* 121 S. C., 256; 113 S. E., 686.

3      The legal estate in fee being in the trustees, adverse possession by the defendant or his predecessors in title for the requisite period of time would result in the acquirement of a good title as against both the trustees and the *cestuis que trustent.* *Waring v. Cheraw & D. R. Co.,* 16 S. C., 416. *Benbow v. Levi,* 50 S. C., 120; 27 S. E., 655. *Young v. McNeill,* 78 S. C., 143; 59 S. E., 986. *Pope v. Patterson,* 78 S. C., 334; 58 S. E., 945. *Breeden v. Moore,* 82 S. C., 534; 64 S. E., 604. *Milton v. Pace,* 85 S. C., 373; 67 S. E., 458. *Boney v. Cornwell, supra, Thompson v. Carmichael,* 122 Pa., 478; 15 Atl., 867; note, 2 A. L. R., 41.

There was evidence tending to establish adverse possession by the defendant, Campbell, and his cotenant, Guffin, for a continuous period of more than 10 years. The motion

for the direction of a verdict in favor of the plaintiff was therefore improperly granted. No motion for the direction of a verdict was made by the defendant, and no question as to the sufficiency of the evidence as to adverse possession to support such direction is now before us.

In the view that the legal title was in the trustee up to the time of the death of Annie P. Moyle, the beneficiary for life, should the defendant's motion for nonsuit have been granted upon the ground that the plaintiff had failed to establish title in herself? This motion was made when plaintiff had rested after introducing in evidence the deed of marriage settlement, the judgment roll No. 1703 from the office of the Clerk of the Court of Beaufort County, and after the presentation of testimony to establish plaintiff's identity and interest under the marriage settlement deed and the possession of the land in dispute for a long period of years by plaintiff's mother, Annie P. Moyle, life beneficiary under the trust. If the Statute executed the legal estate in the plaintiff at the death of her mother, then, upon the evidence developed when the motion for nonsuit was entered, there was a *prima facie* showing of the legal title, carrying the presumption of possession (*Wheeler v. Wheeler,* 111 S. C., 87; 96 S. E., 714. *Powers v. Rawles,* 119 S. C., 134; 112 S. E., 86) in the plaintiff, and no such conclusive showing that such title had been divested by the adverse possession of the defendant and his predecessors in interest as would have justified the nonsuit. The only other theory upon which the ground of nonsuit, that plaintiff had failed to establish title in herself, appears to have been predicated was that the marriage settlement deed was wholly null and void for want of legal registration—an untenable theory, as will be hereinafter pointed out. It was not suggested on the motion for nonsuit that the legal title had remained in the trustees after the death of Annie P. Moyle, and had never become vested by operation of the Statute in the plaintiff, for the reason that

the duty imposed by the trust deed of reconveying and retransferring the property after the death of the life beneficiary had not been performed. On the contrary, appellant's only contention as to the construction of the marriage settlement in connection with his motion for nonsuit (exception 10) is that "the fee of the property up to the death of Annie P. Moyle was in the trustee." We have therefore deemed it proper to dispose of the question raised by the motion for nonsuit upon the assumption that under the marriage settlement the Statute executed the legal estate in the plaintiff at the death of Annie P. Moyle. Upon that assumption the motion for nonsuit, based upon the ground that plaintiff had failed to show title in herself, was properly refused.

As the foregoing views will require that the case be remanded for a new trial it is necessary that certain of the other contentions of the parties shall be passed upon. Our conclusions as to these propositions will be briefly stated without argumentative discussion.

Respondent's contention that the recording of the marriage settlement in the office of the Secretary of State alone was a sufficient compliance with the Statute (6 St. at Large, 212, 213), and charged all persons with constructive notice of the instrument, cannot be sustained. But appellant's contention that a failure properly to record the contract in the office of the register of mesne conveyances for Beaufort district, where the parties to the deed resided, rendered it invalid in the sense that it was inoperative and ineffective as to parties and privies, is likewise untenable. *Fowke v. Woodward,* Speers, Eq., 233. *Gibbes v. Cobb,* 7 Rich. Eq., 54. If the marriage settlement was not recorded in apt time in the office of the register of mesne conveyances for Beaufort district, the recording in the office of the Secretary of State alone did not operate as notice. *Barsh v. Riols,* 6 Rich., 162. It does not clearly appear that the original of the marriage settlement "was preserved" so as to bring the instrument within the require-

ments of any Statute cited by counsel as to re-recording; but, if it should be made to appear that it was such an instrument, the record of which had been destroyed in the Civil War, as was required to be re-recorded in the office of the register of mesne conveyances for Beaufort County, the failure so to re-record within the time specified would, as to subsequent creditors and purchasers, render the original registration inoperative as notice. *Miles v. King,* 5 S. C., 146. *McLure v. Melton,* 24 S. C., 570; 58 Am. Rep., 272. But, since actual notice of the instrument or of its nature and purport would supply the place of registration, the unrecorded marriage settlement was not void as to the parties and as to all persons having actual notice thereof (*Fowke v. Woodward, Supra. Kottman v. Ayer,* 1 Strob., 575. *Le Prince v. Guillemot,* 1 Rich. Eq., 215. *Wingo v. Parker,* 19 S. C., 15, 16. *Interestate B & L. Ass'n v. McCartha,* 43 S. C., 78; 20 S. E., 807) ; hence the defendant's objections to the introduction in evidence of the certified copy of the marriage settlement—which we think was properly authenticated for that purpose—substantially upon the ground that the instrument had not been properly recorded were without merit (*Gibbes v. Cobbs, supra*).

Upon the plaintiff in this case, claiming under the marriage settlement deed, rested the burden of proving, as a matter of fact, that that instrument had either been duly recorded according to law or that the defendant, claiming as an innocent purchaser for value under a conveyance subsequent to the Act of 1888 (20 Stat., 15 Section 5313, Vol. 3, Code 1922), had such actual notice as would be "Notice of the instrument itself or of its nature and purport." 23 R. C. L., 264, § 131. *London v. Youmans,* 31 S. C., 147; 9 S. E., 775; note, 17 Am. St. Rep., 288. The law imputes to a purchaser of real estate notice of the recitals contained in the written instruments, forming his chain of title (20 R. C. L., 353, § 15. *Cordova v. Hood,* 17 Wall., 1; 21 L. Ed., 587; see *Aultman v. Utsey,* 34 S. C., 571,

572; 13 S. E., 848), and charges him with the duty of making such reasonable inquiry and investigation as is suggested by the recitals and references therein contained. Generally the means of knowledge and the duty of using them are equivalent to knowledge. *Cordova v. Hood, supra.* In so far as a purchaser is bound to take notice of the recitals in the written instruments constituting his chain of title, and is bound to the exercise of due diligence in pursuing the inquiries thereby suggested, we do not think the foregoing general rule may be considered abrogated or modified by the provisions of the Statute of 1888 (Section 5313, Vol. 3, Code 1922). See *Beck v. Railroad,* 99 S. C., 310; 83 S. E., 335. *Oliver v. McWhirter,* 112 S. C., 563; 100 S. E., 533.

Since in the case at bar the defendant was chargeable with notice of the recital contained in the deed of Mrs. Moyle to his grantor, Kistler, referring with sufficient definiteness to the judgment roll No. 1703, in the office of the Clerk of the Court of Beaufort County, an inspection of which would have clearly disclosed "the nature and purport" of the unrecorded marriage settlement deed, we are of the opinion that, to the extent that issue was involved in passing on the motion for directed verdict, the trial Judge did not err in holding that the evidence was open to no other reasonable inference than that the defendant had such actual notice of the marriage settlement as would supply the place of registration. But, irrespective of notice, constructive or actual, the deed of Kistler to the defendant and his cotenant was sufficient to constitute color of title, and, if thereunder the defendant and his cotenants had held adversely to the legal title in the trustees for a continuous period of 10 years or more, the plaintiff, as we have seen, was barred, and was not entitled to recover in this action.

The judgment of the Circuit Court is reversed, and a new trial ordered.

Reversed.

MESSRS. JUSTICE WATTS, FRASER and COTHRAN concur. MR. CHIEF JUSTICE GARY did not participate.