### MOYLE v. CAMPBELL

#### (127 S. E., 363)

1. TRUSTS—TRUSTEE HELD HOLDER OF LEGAL TITLE AND NECESSARY PARTY TO SUIT TO RECOVER LAND.—Trustee holding real property under marriage settlement and required after death of surviving·husband or wife to pay income to children until oldest attained age of 21 years or married, and then to "reconvey, retransfer, and assign" such property to child or children, *held* to hold legal title, and hence a necessary party to suit by deceased child's devisee to recover the land.

2. TRUSTS—THAT DECEASED TRUSTEE HAD No SON LIVING WITHIN STATE HELD NOT TO EXCUSE CLAIMANT OF REALTY FROM MAKING TRUSTEE PARTY.—That trustee of property under marriage settlement had been dead for 30 years and had no son living within State *held* not to authorize surviving husband of sole child of such marriage to sue for recovery of land without making trustee a party.

Before TOWNSEND, J., Beaufort, March, 1924. Affirmed.

Action by Geo. M. Moyle, individually and as Executor of Annie C. Moyle, deceased, against J. W. Campbell. From an order of nonsuit the plaintiff appeals.

For former appeal see 126 S. C., 180; 119 S. E., 186.

*Mr. George W. Beckett,* for appellant, cites: *When trust is nominal and title vests in beneficiary:* 26 R. C. L., 1175; 2 McC., 252; 78 Am. Dec., 408; 86 Am. Dec., 512; 94 U. S., 812. *At termination of active trust, title vests by operation of law:* 26 R. C. L., 1210; 105 U. S., 614; 86 Am. Dec., 502; 98 Am. Dec., 356. *Trust terminated by object becoming impossible:* 26 R. C. L., 1210; 105 U. S., 614; 165 U. S., 342. *No need for conveyance by trustee at end of trust:* 3 Code 1922, Sec. 5450; 78 S. C., 143.

*Renunciation by beneficiaries avoids trust:* 26 R. C. L., 1213; 31 Am. Dec., 642. *Court will execute trust where trustees refuses:* 26 R. C. L., 1374; 127 U. S., 300. *Title vested in Annie C. Moyle:* 78 S. C., 151; 10 S. C., 376; 18 S. C., 184. *Intention of grantor will be taken from deed:* 46 S. C., 523. *Duty to convey will prevent execution of trust in remainderman until death of life tenant:* 84 S. C., 471; 7 Rich., 80; 23 S. C., 295; 29 S. C., 136.

*Mr. Randolph Murdaugh,* for respondent, cites: *Trustee necessary party:* 23 S. C., 291; 29 S. C., 135. *When trust is executed:* 24 S. C., 452; 112 S. C., 284.

March 26, 1925.

The opinion of the Court was delivered by MR. JUSTICE MARION.

In an action to recover real estate, the trial Court, on defendant's motion, ordered a nonsuit upon the ground that plaintiff had failed to establish title in himself. From that order the plaintiff appeals.

The facts out of which the controversy arises are set forth in detail in the opinion of this Court upon a former appeal, reported in 126 S. C., 180; 119 S. E., 186. For present purposes the following statement of the facts will suffice: In 1856, under a deed of marriage settlement, Annie P. Fripp conveyed unto Ann H. Fripp and Wm. J. De Treville, as trustees, to them and to the survivor of them, and the heirs, executors, administrators of such survivor, the real estate, etc., described in the deed, of which the property here involved was a part. The property was conveyed in trust for the following purposes, among others: (1) To pay over the income, etc., to Charles C. Lee for the joint use of himself and his wife, Annie P. Fripp, during their joint lives; (2) after the death of either to permit the survivor to take the income and profits for his or her use, and for the maintenance of any issue of the marriage, during his or her natural life; (3) after the death of such sur-

vivor to apply the income to the maintenance of the children of the marriage until the oldest attains the age of 21 years or marries; and (4) upon the happening of either of said events to "reconvey, retransfer, and assign" all of the property to the child or children living at the death of the survivor, etc., the child or children of any deceased child to take the share the parent woud have taken, etc. Annie P. Fripp Lee survived her husband, Charles C. Lee, and died in 1920, leaving one child, Annie C. Moyle, who was then more than 21 years of age, and who, in January, 1922, instituted this action. Subsequently, said Annie C. Moyle died testate and named as her sole devisee her husband, Geo. M. Moyle, who is now by substitution the party plaintiff.

Appellant thus states his case:

"* * * The Circuit Judge, W. H. Townsend, ordered a nonsuit upon the authority of the case of *Ayer v. Ritter,* 29 S. C., 135; 7 S. E., 53, upon the ground that the trustee was a necessary party plaintiff because he had not conveyed the fee to the remainderman. The plaintiff appeals, contending that the trustee was not a necessary party since, for the reason set forth in the following brief, the trust was an executed trust and to hold otherwise would be to defeat instead of to promote justice; the trustee having been dead 30 years and having left no son within the State of South Carolina."

On the former appeal it was expressly decided that the legal title was in the trustee under the trust deed up to the date of the death of the surviving life beneficiary, Annie P. Moyle (formerly Lee, née Fripp). Whether, after the death of the life beneficiary, the legal title remained in the trustee by virtue of the duty imposed by the trust deed to "reconvey, etc.," the property—the precise question here presented—must be answered in the affirmative under the authority of *Huckabee v. Newton,* 23 S. C., 291. *Ayer v. Ritter,* 29 S. C., 135; 7 S. E., 53. *Dumas v. Carroll,* 112

S. C., 284, 293; 99 S. E., 801. Careful consideration has been accorded appellant's forceful argument that the doctrine announced and applied in those cases should be abrogated. The Court, however, is not prepared to overrule those decisions, and the ruling of the trial Court, grounded thereupon, must be sustained.

The only other contention covered by the exception, which is not disposed of by the foregoing conclusion, is that because Derrill De Treville, the eldest son of William J. De Treville, one of the trustees named in the deed, is a nonresident of the State, the trial Court erred in holding that the trustee was a necessary party to the action. The contention is untenable. See 26 R. C. L., 1273, § 123. *Du Bose v. Kell,* 105 S. C., 89, 98; 89 S. E., 555. *Dumas v. Carroll, supra.* As the point is not argued in appellant's brief, further discussion is deemed unnecessary.

The judgment of the Circuit Court is affirmed.

MESSRS. JUSTICES WATTS and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE COTHRAN did not participate.