14583

RICHARDS v. TREZVANT

(194 S. E., 326)

*Mr. N. J. Frederick,* for appellant, cites:

*Mr. R. Y. Kibler,* for respondent.

December 10, 1937.

The opinion of the Court was delivered by MR. JUSTICE BONHAM.

This appeal is from an order of Judge Holman, of the County Court of Richland County, which permanently enjoins the appellant from obstructing a certain alley lying between the lots of the respondent and the appellant, and enjoining him from interfering with the free use of the alley by the respondent.

It appears from the record that Caroline Trezvant owned the lot of land described in her will as follows: "Five-eighths of an acre more or less touching the eastern boundary of the City of Columbia, the same being the southern corner of the intersection of Harden and Senate Streets."

By her will she directed that this land be divided into nine lots, one of them to be allotted to each of her eight children, each of said eight lots to have frontage on Harden Street or Senate Street; she further directed that a lot in the rear of said lots be given to her adopted daughter, Carrie Trezvant.

The manner in which the division and allotment of the lots was made is shown by the plat, which is set out on page 25 of the record. It will greatly aid in the correct understanding of the issues involved in this appeal if this plat is reproduced in the report of the case.

PLAT OF THE PROPERTY OF CAROLINE TREZVANT

The respondent is the owner of Lot No. 7, and the appellant of Lot No. 8. Both of them face on Harden Street; Lot No. 7 has a frontage of 35' 2", and Lot No. 8 37' 2". Between them is an alley eight feet wide which leads from Harden Street to Lot No. 9, which lies immediately behind Lots 7 and 8, and is the lot which was allotted to Carrie Trezvant (now Moorman). By deed dated July 14, 1921, Carrie Trezvant Moorman conveyed Lot No. 9 to William S. Trezvant, the appellant, together with all her right, title, interest, and estate in and to the alleyway eight feet in width extending "from Harden Street in an easterly direction to a depth of ninety feet to the western boundary of said lot" (No. 9). It is not disputed that there is no other way of ingress and egress to and from this Lot No. 9.

Lot No. 7 was allotted to John M. Trezvant, who was the executor of his mother's will; he died in 1904. Plaintiff derives his title through the heirs of John M. Trezvant.

The respondent brought his action in the County Court of Richland County seeking to enjoin appellant from alleged obstruction of the alley, and from alleged acts which hindered and prevented the plaintiff from the use thereof.

Judge Holman issued his rule requiring the defendant to show cause why the order of injunction should not be issued, to which the defendant made return. Judge Holman granted an order permanently enjoining the appellant from obstructing the alley, and from interfering with plaintiff's free use of it.

The record of the case presents a curious lack of the things most salient in the determination of the primary question involved. It contains the pleadings, the order of Judge Holman, the will of Caroline Trezvant, the plat showing how the lots were assigned, the deed of Carrie Trezvant Moorman to W. S. Trezvant to Lot No. 9, and the deed of the Master to Clarence Richards for Lot No. 7. There is not a line of oral evidence, or documentary for that matter, to

show the use of the alley by the several litigants, or their predecessors. Yet the presiding Judge in his order states:

"The alleyway, by itself, could be of no use to the estate, and if the executor desired to set it aside solely for Carrie Moorman's benefit he could very simply have designated so on the plat. On the contrary, the executor, John Trezvant, owning Lot No. 7, appeared to have made use of the alleyway himself, and so do his heirs.  *  *  *

"There is this also to be said anent the evident recognition by the parties up to this time of the right of the owners of Lot No. 7 to make use of the way in controversy.  *  *  * The right of way seems to have continued through John Trezvant and his heirs."

The order further states that for thirty years appellant was cognizant of the uses for which the alleyway was intended to be put and was put, and he cannot now claim exclusive use of it.

We have searched the record in vain to find any evidence, parol or documentary, which sustains these statements of fact by the presiding Judge.

Appellant's counsel sharply assails these findings of the Judge because there is no evidence to sustain them, and then he straightway falls into the same error. He says, in his brief: "For more than thirty years defendant and his predecessor had uninterrupted use of said alleyway."

There is no word of evidence in the record to support this assertion.

In these circumstances, the Court must decide the appeal upon that which it finds in the record.

We find there the plat, made by a surveyor for the division and assignment of the lots devised by the will of Caroline Trezvant. It appears that by her express direction, the lots allotted to her eight children should face on Harden and Senate Streets, and that the lot at the back, which did not face on any street, should be allotted to her granddaughter, Carrie Trezvant, now Moorman. Her son, John M. Trez-

vant, was the executor of the will, and to him fell Lot No. 7, and to his brother, William, Lot No. 8. Lot 9 lay immediately back of these two lots. The executor of the will had laid off a right of way which leads from Harden Street, between Lots 7 and 8, to Lot 9.

What is the nature of the easement thus granted? Since the days of the individual ownership of real estate the question of easements pertaining to ingress to and egress from and over the lands of others has been a burning one, leading to much litigation. In this State one need not go further than the illuminating opinion of Mr. Justice McIver in the case of *Whaley v. Stevens,* 21 S. C., 221, and the exhaustive and profound opinion of Mr. Justice Cothran in the case of *Brasington v. Williams,* 143 S. C., 223, 141 S. E., 375, 380, to find the ultimate of law relating to the question.

Mr. Justice McIver said, in *Whaley v. Stevens, supra:* "A right of way may be in gross, or it may be appendant or appurtenant to land, and the distinctions between the two kinds of rights are very marked and important. In the former, it is a mere personal privilege, which dies with the person who may have acquired it; while in the latter it inheres in the land to which it is appurtenant, is essentially necessary to its enjoyment, and passes with it. An essential feature of a right of way appurtenant is that it must have one of its termini on the land to which it is claimed to be appurtenant."

In the case of *Brasington v. Williams, supra,* Mr. Justice Cothran said: "Where the owner of an entire tract conveys a part of it to another, and the part conveyed is surrounded by the land of the grantor, so that the grantee has no ingress or egress except over the land of the grantor, the law presumes that in the grant of 'all (land) and singular the rights, members, hereditaments, and appurtenances to the said premises belonging, or in any wise incident or appertaining'

(form of deed, section 5,216, 3 Code 1922), the grantor intended to grant all rights essential to the enjoymant of the premises conveyed."

Further, Mr. Justice Cothran said in the same case: "So, in the case of easement by necessity, the theory of the law is that the title to the same rests upon an implied or presumed grant, as the law presumes that, where a person is at one time the owner of the servient and dominant tenements as one tract, and conveys a part thereof to another, it is his intention also to convey that which is reasonably and actually necessary for the enjoyment of the land conveyed."

Measured by these clear expositions of the law applicable to the issue, let us examine the will of Caroline Trezvant, and the plat which shows how the directions of her will were carried out, and see what easement goes with the alleyway in dispute.

It is evident that the testatrix understood that in order that the devisees under her will should enjoy the benefits of her gifts to them, that the lots must face upon a public street or highway; accordingly, she directed that each one of the eight lots she assigned to each of her eight children should face on Harden or Senate Streets, according to its location. She knew that the lot at the back which she expressly devised to Carrie Trezvant Moorman (Lot No. 9 on the plat) did not face on any street or highway, and she must have intended that the grantee of that lot should have a right of way to and from it over the lots devised by her to the others. If she did not consciously have this intent, the law imputes it to her.

Mr. Justice McIver in *Whaley v. Stevens, supra,* defining a right of way by necessity, said this: "It inheres in the land to which it is appurtenant, is essentially necessary to its enjoyment, and passes with it. An essential feature of a right of way appurtenant is that it must have one of its termini on the land to which it is claimed to be appurtenant."

A glance at the plat in evidence shows that Lot No. 9 is completely surrounded by the other lots devised by Caroline Trezvant, and has no way of ingress and egress to and from it except over these lands. It further appears that one terminus of the right of way is on Lot No. 9, and that the right of way is essential to the enjoyment of the lot.

We think that it is patent this creates a right of way by necessity; is appendant and appurtenant to Lot No. 9; and inheres in the land.

When Carrie Trezvant Moorman conveyed this lot to William S. Trezvant by fee-simple deed, the right of way passed with it.

It follows that the appellant cannot be enjoined from the free and sole use and occupation of the alleyway.

There may be, however, an exception to this broad statement. The decree of the trial Judge states that John M. Trezvant, to whom was allotted Lot No. 7, and those claiming under him, for thirty years with the knowledge and acquiescence of the owners of Lot No. 9, and the alleyway, have made free, open, and notorious use of the alleyway. As before said by us, the evidence upon which this statement was made is not in the record, and it is disputed by appellant. If it is true, a question may arise whether the owners of Lot No. 7 have acquired by prescription a right to the use of the alleyway.

Let it be understood that upon this point this Court expresses no opinion and makes no decision. Its ruling is confined to holding that the right of way is one appendant and appurtenant, or of necessity to Lot No. 9, and the appellant as the owner of that lot may not be enjoined from the free use and control of the alleyway.

For this reason the order appealed from is reversed.

MR. CHIEF JUSTICE STABLER and MESSRS. JUSTICES BAKER and FISHBURNE concur.

MR. JUSTICE CARTER did not participate on account of illness.