20049

CAROLINA LAND COMPANY, INC., et al., Respondents, v.
Dr. Maynard W. BLAND and Myra D. Bland, Appellants
(217 S. E. (2d) 16)

*Messrs. Younts, Reese & Cofield,* of Greenville, *for Appellants,*

*Messrs. Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondents,*

July 1, 1975.

Moss, Chief Justice:

It is admitted that on June 8, 1929, J. L. Locke, the predecessor in title of all of the parties to this action, acquired title to a tract of land lying on both sides of Laurens Road, now U. S. Highway 276, in the City of Mauldin, S. C.

J. L. Locke, in October, 1945, had a survey made showing the property on the westerly side of Laurens Road divided into a tract of 45.62 acres; 36 numbered lots; and a 30 foot street running between the tract and the numbered lots, a distance of 2,465.7 feet. This plat was recorded on December 13, 1951, in the R. M. C. Office for Greenville County, South Carolina, in Plat Book AA, Page 164.

J. L. Locke, by deed dated December 4, 1951, and recorded December 13, 1951, in the R. M. C. Office for Greenville County, conveyed to Blake P. Garrett lots 1, 2, 35 and 36, in the subdivision of the property of J. L. Locke, according to a survey and plat made by Dalton & Neves, October, 1945, and of record in the R. M. C. Office for Greenville County in Plat Book AA, Page 164. Thereafter, Blake P. Garrett conveyed a one-half interest to W. B. Parsons in the four lots above described. On February 14, 1956, a re-survey of the original four lots was made and they were cut into lots 1-8, as shown on plat of property

of Blake P. Garrett and W. B. Parsons, which plat was recorded May 7, 1962, in Plat Book WW, Page 267, R. M. C. Office for Greenville County. The re-survey shows lot number 7 at the corner of U. S. Highway 276 and the "30 foot street", and lot number 8 abutting the rear of lot number 7 and fronting solely on the 30 foot street. Lots 7 and 8 were thereafter conveyed to Clarence O. Kittelsen by separate deeds, both of which were recorded May 7, 1962, in the R. M. C. Office for Greenville County. Dr. Maynard W. Bland and Myra D. Bland, the appellants herein, obtained title to lots 7 and 8 by deed recorded March 7, 1969, R. M. C. Office for Greenville County, which referred to the Garrett-Parsons plat, Plat Book WW, Page 267. The metes and bounds description in this deed made specific reference to the "30-foot street." Also in this deed appeared the following: "This conveyance is made subject to any right-of-way, or easements that may appear of record on the recorded plat(s) or on the premises." These appellants have been in continuous possession of lots 7 and 8 from March 7, 1969, up until the time of this action.

It appears that after the death of J. L. Locke, a plat was prepared by Dalton & Neves in June, 1960, showing a tract of 70.68 acres of undeveloped land. The four lots sold to Blake P. Garrett are represented by a trapezoid shown on the southeastern corner of the plat with the notation "sold." By deed dated April 1, 1966, recorded in Deed Book 795, Page 461, R. M. C. Office for Greenville County, South Carolina, Carolina Land Company, Inc., acquired title to the tract of land described on the aforesaid plat. The property description in said deed included the area covered by the "30 foot street," as shown on the J. L. Locke plat which is of record in Plat Book AA, Page 164, R. M. C. Office for Greenville County.

Carolina Land Company, Inc. proceeded to develop a portion of the land so acquired under the name of Knollwood Heights. Lot number 69, the subject of this action, is shown

on an addition to Section 3 of Knollwood Heights in Plat Book WWW, Page 6, R. M. C. Office for Greenville County. This lot fronts on Devon Drive and is separated at the rear from lot number 8 of the appellants by a 20 foot alley way. The distance from the 20 foot alley way across lot number 69 to Devon Drive is 164.8 feet. The 30 foot street as shown on the 1945 Locke Plat, hereinabove referred to, extends through what is now lot number 69 to Devon Drive.

In July, 1973, the appellants graded and graveled, in preparation for asphalting, a 30 foot street through lot number 69 to Devon Drive, within the bounds of the 30 foot street delineated on the 1945 Locke Plat.

Carolina Land Company, Inc., hereinafter referred to as Carolina, along with the owners of the three lots immediately across Devon Drive from lot number 69, the respondents herein, brought this action seeking to permanently enjoin the appellants from trespassing on the property of Carolina, or claiming any right, title or interest in lot number 69 of Section 3 of Knollwood Heights, and to require them to remove the gravel and restore said lot to its condition prior to the alleged trespass. The appellants admitted that they had graded and opened a 30 foot street across lot number 69, asserting their right so to do as owners of lots 7 and 8, entitling them to the use of the 30 foot street shown on the 1945 Locke Plat. They asked that the respondents be enjoined from interfering with their right to open and use said street. It should be noted that the appellants expressly limited their right to so much of the 30 foot street as crossed lot number 69 to Devon Drive.

This case was referred to the Master in Equity for Greenville County for the purpose of taking the testimony and reporting his findings of fact and conclusions of law. The Master, in obedience to such order, filed his Report on May 1, 1974, holding that the appellants had no right, title or interest in lot number 69 of the addition to Section 3 of

Knollwood Heights. He further concluded that Carolina Land Company, Inc. was the owner in fee simple of lot number 69 of Section 3 of Knollwood Heights and that the appellants should be permanently enjoined from trespassing upon such lot or claiming any right, title or interest therein.

The basis of the Master's finding was that the proposed "30 foot street" was never opened or used and was abandoned by the only persons in interest by their actions and specifically the acts of the recutting and resubdividing by Garrett and Parsons, and the development by Carolina Land Company, Inc., of Knollwood Heights. He further held that the recutting and resubdivision by Garrett and Parsons and the subsequent conveyance by them with reference to this plat destroyed the earlier division and designation of lots shown on the 1945 Locke Plat. The Master also relied on the fact that Carolina Land Company, Inc. acquired title, on April 1, 1966, from the J. L. Locke estate of all of the unsold and undeveloped land according to an unrecorded plat of survey thereof made in June, 1960, and found that since there was no indication on such plat of the 30 foot street as outlined in the original 1945 Locke Plat, such constituted *record* notice of the abandonment of the street through Knollwood Heights. The Master further found that the plat by which the appellants obtained title did not show the street extending from their property to Devon Drive. (Emphasis ours.)

The appellants duly excepted to the Master's findings of fact and conclusions of law. These exceptions were argued before the Honorable Francis B. Nicholson, Presiding Judge, who, by his order, overruled such and affirmed the Master's Report. It is from this order that the appellants prosecute this appeal.

The respondents, by their complaint, demand that the appellants be enjoined from trespassing upon the property of Carolina Land Company, Inc. or claiming any right, title, interest or estate in said property. This sets forth an

action for equitable relief by way of injunction. *Bramlett v. Young,* 229 S. C. 519, 93 S. E. (2d) 873.

> We consider the questions raised by the appellants in the light of the well established rule that in actions in equity, findings of fact by a Master, concurred in by the circuit judge, are not to be disturbed on appeal unless it is shown that such findings are without evidentiary support or against the clear preponderance of the evidence. *Bishop v. Tolbert,* 249 S. C. 289, 153 S. E. (2d) 912.

It is uncontroverted that the predecessors in title of the appellants were conveyed lots 1, 2, 35 and 36 as shown on the 1945 recorded Locke plat, on which is delineated a "30 foot street," running along side of lot 36 and extending into other Locke property a distance of 2,465.7 feet. It is the position of the appellants that, being owners of lots 7 and 8 as shown on the Garrett-Parsons plat, hereinabove referred to, said lots being carved out of lot numbers 35 and 36 as shown on the 1945 Locke plat, hereinabove referred to, they are entitled to an easement in the 30 foot street shown on the plats because their lots abut thereon.

> We have held that where a deed describes land as is shown on a certain plat, such becomes a part of the deed. It is generally held that when the owner of land has it subdivided and platted into lots and streets and sells and conveys lots with reference to the plat, he thereby dedicates said streets to the use of such lot owners, their successors in title and the public. *Blue Ridge Realty Co. v. Williamson,* 247 S. C. 112, 145 S. E. (2d) 922. We also held in the cited case that the purchaser of lots with reference to the plat of the subdivision acquired every easement, privilege and advantage shown upon said plat, including the right to the use of all the streets, near or remote, as laid down on that plat by which the lots were purchased. We also held as between the owner, who has conveyed lots according to a plat, and his grantee or grantees,

the dedication is complete when the conveyance is made, even though the street is not accepted by the public authorities.

From *Epps v. Freeman*, 261 S. C. 375, 200 S. E. (2d) 235, we quote the following pertinent language from 25 Am. Jur. (2d) Easements and Licenses, Section 26, p. 438.

"Generally, where property sold is described in the conveyance with reference to a plat or map on which streets, alleys, parks, and other open areas are shown, an easement therein is created in favor of the grantee. Such an easement is deemed a part of the property to which the grantee is entitled and of which he cannot be divested except by due process of law."

Generally, where a deed which describes land as bounded by a way indicates that the way extends beyond the land conveyed, or there has been some other indication of the extent of the way, the grantee acquires a right to the way, not merely in front of his property, but also to the full extent of the way as indicated. 25 Am. Jur. (2d) Easements and Licenses, Section 25, p. 438.

When J. L. Locke subdivided and platted a portion of his property into lots and streets and sold and conveyed lots with reference to the plat, the purchasers and those claiming under them acquired an appurtenant easement in the 30 foot street as delineated on the plat. An appurtenant easement inheres in the land to which it is appurtenant, is essentially necessary to its enjoyment and passes with the dominant estate, although the conveyance of the dominant estate does not expressly mention it. *Sandy Island Corp. v. Ragsdale*, 246 S. C. 414, 143 S. E. (2d) 803, and *Richards v. Trezvant*, 185 S. C. 489, 194 S. E. 326.

As is heretofore stated, the Master held that the recutting and resubdivision by Garrett and Parsons and the sub-

sequent conveyance by them with reference to this plat destroyed the earlier division and designation of lots shown on the 1945 Locke plat. We do not agree with this conclusion.

It has been held that upon transfer of a part of a ██ ██ dominant tenement having appurtenant thereto, an easement over a servient tenement, the new owner of the transferred part of the dominant tenement acquires the easement over the servient tenement. For the cases so holding, see 10 A. L. R. (3d) at page 960. It follows that even though there has been a resubdivision of the dominant tenement, this did not destroy the right of the appellants to claim the easement so far as it is applicable to their property. The fact that a new plat of the property in question was made did not destroy the easement created on the 1945 Locke plat.

Carolina Land Company, Inc. had constructive notice of the appellants' easement based upon the recorded instruments in its chain of title. The law imputes to a purchaser who proposes to acquire title to real estate notice of the recitals contained in any properly recorded instrument of writing which forms a link in a chain of title to the property proposed to be acquired. *Moyle v. Campbell,* 126 S. C. 180, 119 S. E. 186, and *National Bank of Newberry v. Livingston,* 155 S. C. 264, 152 S. E. 410.

The 1945 Locke plat, which was of record, shows a subdivision of 36 lots which, with the exception of lots 1, 2, 35 and 36, was included as part of a tract subsequently conveyed to Carolina Land Company, Inc. by the J. L. Locke estate. This plat was thus a link in the chain of title to the property so acquired and gave constructive notice of the appurtenant easement in question.

The president of Carolina Land Company, Inc. testified that, prior to the purchase of the property from the Locke estate, he had the title thereto examined. A proper search

of the records would have revealed the 1951 deed from
J. L. Locke to Garrett and the recorded plat referred to
therein. It shows a "30 foot street" running a distance of
2,465.7 feet through the tract subsequently conveyed by the
Locke estate to Carolina Land Company, Inc. He also testi-
fied that every lot in the addition to Section 3 of Knollwood
Heights had been sold except lot number 69, across which
the "30 foot street" extended and upon which the appellants
allegedly trespassed.

The record here contains the testimony of the owners of
lots 68 and 70, which were separated by lot 69. These two
owners were called as witnesses and testified that there was
a noticeable roadbed crossing lot number 69, paralleled on
each side by a small depression or drainage ditch which
was approximately 30 feet across from one ditch to the
other and running to Devon Drive. One of these witnesses
testified that the president of Carolina Land Company, Inc.
offered to sell lot 69 to him at a reduced price with the
understanding that it would be as it is with an existing
easement thereon, over which he had no control. He fur-
ther testified that the president told him that there was an
old easement over this lot and he had not been able to get
it resolved to the point where he could sell the property.
The president of Carolina Land Company, Inc. admitted
on cross-examination that he told one of these lot owners
that there was a street easement across lot 69, and that if
he desired to buy the lot, he would have to take it subject
to such easement.

It follows that Carolina Land Company, Inc. was
charged with constructive notice of the appurtenant
easement over what is now lot number 69. It is also
conclusive from the testimony that the president of Caro-
lina knew of the existence of the appurtenant easement and
that he had been unable to sell and make good title to lot
69 because of the easement.

The appellants seek only to enforce their easement of a
"30 foot street" over lot 69 so as to connect their property

with Devon Drive. They do not seek any rights over lots already improved and which are located beyond Devon Drive. It is conclusive from the record that lot 69 is vacant and unimproved.

The appellants challenge the finding of the lower court that the appellants' easement had been abandoned by the only persons in interest by their actions. They assert that this finding is unsupported by the evidence. We agree.

It is well settled that an easement may be lost by abandonment and in determining such question the intention of the owner to abandon is the primary inquiry. The intention to abandon need not appear by express declaration, but may be inferred from all of the facts and circumstances of the case. It may be inferred from the acts and conduct of the owner and the nature and situation of the property, where there appears some clear and unmistakable affirmative act or series of acts clearly indicating, either a present intent to relinquish the easement, or purpose inconsistent with its further existence. *Hodge v. Manning,* 241 S. C. 142, 127 S. E. (2d) 341. Here, the burden of proof was upon the respondents to show the abandonment by clear and unequivocable evidence.

The lower court emphasized that the proposed 30 foot street which would extend through lot 69 of Knollwood Heights was never opened or used although the road was outlined some years before. In *Witt v. Poole,* 182 S. C. 110, 188 S. E. 496, we held that the mere nonuse of an easement created by deed for a period however long will not amount to an abandonment, but there must be other acts by the owner of the dominant estate conclusively manifesting either the present intention to relinquish the easement or purpose inconsistent with its further existence.

The evidence reveals that the appellants did not purchase lots 7 and 8 until such had been rezoned for use as commercial property. It further appears that prior to such purchase they had the title examined and were

assured that they had an appurtenant easement for a 30 foot street across lot 69 to Devon Drive. There is nothing in the conduct of the appellants to evince an intention to abandon the easement in question. The basis upon which the lower court found abandonment was the fact that the lots in question were resubdivided, a plat thereof made with no mention of the original 1945 Locke plat. However, it should be pointed out that even on the Garrett-Parsons plat, the 30 foot street is shown by lines extending beyond lot 8 of the appellants and on through a portion of what is now lot 69 of Knollwood Heights.

It is undisputed that on February 15, 1967, Carolina Land Company, Inc. conveyed out of the Locke tract a commercial lot fronting on U. S. Highway 276, by reference to a recorded plat dated February 14, 1967. Such lot is separated from the appellants property by a "30 FOOT STREET R/W" and a "20 FOOT STRIP RESERVED BY OWNER." Carolina Land Company, Inc. had this plat made which depicts the "30 FOOT STRIP R/W" as extending beyond the westerly side of the appellants' lots and through lot number 69 and ending in close proximity to Devon Drive.

We have reviewed all of the testimony, plats and deeds, and find nothing on the part of the appellants or their predecessors in title to evince an intention to abandon the appurtenant easement created by the deed of J. L. Locke to Garrett.

We conclude that the judgment of the lower court should be reversed, and the case remanded thereto for entry of a decree granting the relief prayed for by the appellants.

Reversed and remanded.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.