0397

Ray ARCENEAUX, G. G. Case, Jr., and D. Clyde Spearman, Appellants, v. Jerry W. ARRINGTON, Respondent.

(327 S. E. (2d) 357)

Court of Appeals

*Michael O. Hawkins,* Anderson, *for appellants.*

*W. Jerry Fedder,* of *Fedder, Derrick, Ritter & Williams,* Seneca, *for respondent.*

Heard Nov. 14, 1984.

Decided Feb. 21, 1985.

BELL, Justice:

This is a proceeding in equity to enforce a restrictive covenant on real property. The circuit court denied the plaintiffs' prayer for mandatory injunctive relief. We affirm.

In 1965 Arrington acquired title to a 491.3 acre tract in Oconee County. He subsequently transferred title to the Port Bass Development Company, Inc., a company he incorporated for the purpose of subdividing and developing the property. Before deeding the land to the corporation, Arrington recorded an instrument entitled "Restrictions for Port Bass Subdivision," imposing restrictive convenants on part of the property. Among other things, these convenants

prohibited metal buildings and "any use whatsoever for commercial purposes" in the restricted area.

From 1965 onward the sales office of the Development Company was located on Tract 11 of the Port Bass subdivision. Tract 11 is outside the area made subject to the original restrictive covenants. In 1967 Arrington incorporated a water company, Water Systems, Inc., to serve the subdivision. The water company's facilities and a well drilling business were also located on Tract 11.

Between 1965 and 1982, the Development Company made twenty to twenty-five conveyances of property within the Port Bass subdivision. As the Development Company sold lots outside the restricted area but within the subdivision, Arrington included a clause in the deeds making the lots "subject to" the original restrictions. Arrington's wife, the secretary of the Development Company, prepared all the deeds. She is not an attorney; she simply copied the form of previous deeds.

On March 26, 1979, the Development Company conveyed Tract 11 to Arrington personally. Arrington recorded the deed in the office of the clerk of court the following day. The deed contains a clause making Tract 11 "subject to" the original restrictive convenants. Arrington claims the restrictions were copied into the deed by mistake.

In the spring of 1979, Arrington constructed a large prefabricated metal building on Tract 11 to house the water company and the well drilling business. The building cost approximately $65,000 to construct. It is clearly visible to anyone entering the subdivision.

In September 1981, Arceneaux, Case, and Spearman (the Plaintiffs), each of whom owns property in the subdivision, commenced this action, alleging violations of the restrictive covenants. They asked the court to enjoin Arrington from using Tract 11 for any purpose other than residential and to have him remove the metal building or veneer it with brick or wood. Arrington answered, denying the restrictive covenants apply to Tract 11 and raising the affirmative defense of laches. The circuit court found the Plaintiffs guilty of laches and entered judgment for Arrington.

If there has been unreasonable delay in asserting a claim, or if, knowing his rights, a party does not

seasonably seek to avail himself of the means at hand for their enforcement, but suffers his adversary to incur expense or enter into obligations or otherwise change his position, then equity will ordinarily refuse to enforce those rights, especially if an injunction is asked. *Archambault v. Sprouse*, 215 S. C. 336, 55 S. E. (2d) 70, 12 A. L. R. (3d) 388 (1949). Whether the plaintiff is barred by laches is to be determined in light of the facts of each case, taking into consideration whether the delay has worked injury, prejudice, or disadvantage to the other party. *Privette v. Garrison*, 235 S. C. 119, 110 S. E. (2d) 17 (1959). Delay alone in the assertion of a right does not constitute laches. *Grossman v. Grossman*, 242 S. C. 298, 130 S. E. (2d) 850 (1963).

In this case, the Plaintiffs readily admit their prior knowledge of the commercial use of Tract 11. Arceneaux, who purchased his lot in 1977, testified he knew the trailer originally placed on Tract 11 in 1965 housed the Development Company's sales office and the water company office. He also knew the lot had been used to store supplies and construction equipment. Case, who purchased his property in 1969, stated he was aware Tract 11 had always been a commercial lot. He saw the metal building being constructed in the spring of 1979. Spearman did not testify.

These circumstances are sufficient to support the circuit court's finding of laches. The Plaintiffs waited over two years after they knew or should have known the restrictive covenants were being violated to assert their rights. They suffered Arrington to incur the expense of erecting the metal building without protest. It would be unjust to permit them now to enforce their claimed rights against him.

The Plaintiffs concede they delayed in bringing suit, but argue the delay was caused by Arrington's failure to disclose the restrictions placed on Tract 11 in March 1979. They contend there was no visible change which would have put them on notice that Tract 11 had been sold to Arrington subject to the restrictive covenants. Because they did not know of their rights, they argue, the delay in commencing suit was not unreasonable.

We are not persuaded. The general rule is that to charge a party with laches in the assertion of an alleged right, he must have knowledge of the facts upon which he bases his claim.

However, if the circumstances are such as to have put him upon enquiry and the means of ascertaining the truth were readily available had enquiry been made, the neglect of the party to make enquiry will charge him with laches the same as if he had known the facts. *Stoke v. Wheeler*, 391 Ill. 429, 63 N. E. (2d) 492 (1945); *cf. Black v. Childs*, 14 S. C. 312 (1880). The restrictive covenants were clearly referenced in the deed conveying the property from the Development Company to Arrington. That deed was recorded on March 27, 1979. A party is deemed to have notice of a deed and its contents from the date it is recorded. *Godbold v. Lambert*, 29 S. C. Eq. (8 Rich. Eq.) 155 (1856). At the latest, the circumstances were such as to put the Plaintiffs on enquiry notice concerning restrictions on Tract 11 when Arrington began constructing the metal building in the spring of 1979. It is immaterial that they may not actually have discovered the restrictions in Arrington's deed until 1981.

For the reasons stated, the judgment of the circuit court is

Affirmed.

SANDERS, C. J., and GARDNER, J., concur.