1966

FULLER-AHRENS PARTNERSHIP, Appellant v. S.C. DEPARTMENT OF HIGHWAYS AND PUBLIC TRANSPORTATION, Civil Engineering of Columbia, and Commonwealth Land Title Insurance Company, Respondents.

(427 S.E. (2d) 920)

Court of Appeals

*A. Camden Lewis* and *James H. Renfrow, Jr.*, both of *Lewis, Babcock & Hawkins*, Columbia, *for appellant.*

*Clifford O. Koon, Jr.*, of *Sherrill & Rogers*, and *Spencer Andrew Syrett*, Columbia, and *William R. Applegate*, West Columbia, *for respondents.*

Heard Jan. 19, 1993; Decided March 1, 1993.

Reh. Den. April 1, 1993.

GOOLSBY, Judge:

Fuller-Ahrens Partnership (Fuller-Ahrens) brought this action against the South Carolina Department of Highways and Public Transportation (the Department) for inverse condemnation, against Civil Engineering of Columbia (Civil Engineering) for negligence, and against Commonwealth Land Title Insurance Company (Commonwealth) for breach of contract. The Department moved for dismissal pursuant to Rule 12(b)(6), SCRCP, and for a preliminary injunction. Commonwealth also moved for dismissal. The Department supported its motion with affidavits and exhibits and Commonwealth filed its title insurance policies with the court. Fuller-Ahrens filed no counter-affidavits. The trial court granted both motions for dismissal, treating them as summary judgment motions under Rule 56, SCRCP. The trial court also granted the Department's motion for a preliminary injunction. Fuller-Ahrens appeals. Civil Engineering, though listed as a respondent, is not a party to this appeal. We affirm.

Frederick B. Fuller and Leslie H. Ahrens purchased a parcel of land along U.S. Highway 76 (Sumter Highway) from Nottingham Associates in 1985. Nottingham Associates had previously acquired the property from Andrew Patterson and others in his family. Fuller-Ahrens Partnership was formed in 1986 and purchased the property from Fuller and Ahrens shortly thereafter. Sometime after it purchased the property, Fuller-Ahrens became aware of a drainage pipe of the Department that extended onto Fuller-Ahrens' property for approximately 140 feet. The pipe discharges surface water from the Sumter Highway and the frontage road onto Fuller-Ahrens' land.

## I.

Fuller-Ahrens contends the applicable statute of limitation, the six-year statute of limitation found in S.C. Code Ann. § 15-3-530 (1976) (amended 1988), did not bar its claim against the Department for inverse condemnation because it had neither actual nor constructive notice of the pipe in question until it discovered the pipe "sometime after the property was purchased on June 20, 1985." We deem this contention unmeritorious. As we discuss below, Fuller-Ahrens had constructive notice of the pipe's existence because of a 1956 deed in Fuller-Ahrens' chain of title.

We review first, as we must, the pleadings, affidavits, and exhibits in the light most favorable to Fuller-Ahrens, the non-moving party. *Baughman v. American Tel. and Tel. Co.*, 306 S.C. 101, 410 S.E. (2d) 537 (1991).

In 1956, the Department undertook to improve and widen U.S. Highway 76 between Columbia and Sumter. The planned improvements included a frontage road and outfall ditches and other structures necessary for the proper drainage of the highway and the frontage road and made necessary the condemnation of a portion of property then owned by the Patterson family and later acquired by Fuller-Ahrens from Nottingham Associates.

A board of condemnation conducted a hearing on February 7, 1956, and the Pattersons appealed. While the appeal was pending, however, the parties settled the dispute, as reflected din an instrument entitled "Deed to Right-of-Way, Route No. U.S. 76" and dated September 12, 1956.

The deed gave the Department the right-of-way that was the subject of the condemnation proceeding on February 7, 1956 and an additional thirty-foot right-of-way that adjoined the former. The Department paid the Pattersons a total of $7,500 for the rights-of-way.

The Department received the following rights under the deed:

> 3. To construct . . . a frontage or access road on the right-of-way herein granted . . . as shown on "supplemental plans showing frontage road . . ." (Docket No. 40.435) . . . with such drainage facilities and accesses to Route 76 as shown thereon.

> \* \* \* \* \* \*

> 5. To place pipe within a ditch existing at the Northern end of the property of Andrew Patterson, Jr., said ditch to be piped and filled at all places within the right-of-way now owned by [the Department] or acquired by this instrument.

The deed, by express language found in paragraph 3, incorporates the Department's construction plans by reference. These plans and the notations thereon must be read with the deed. 26 C.J.S. *Deeds* § 101B, at 887 (1956); *see Hobonny Club, Inc. v. McEachern*, 272 S.C. 392, 252 S.E. (2d) 133 (1979) (a plat becomes a part of the deed where the deed describes land as shown on the plat).

The construction plans include two pages that depict, among other things, the Patterson property and the frontage road. One of these two pages contains the following notation:

> Retain 54'—18" R.C. pipe &
> Extend 60'—18" R.C. pipe on Lt.
> Dig Outfall Ditch
> Est. 50 C.Y.

An arrow on this page points from the "Dig Outfall Ditch" notation toward the northern edge of the frontage road. A solid line extends from the edge of the right-of-way of the frontage road onto the Patterson property. This page also contains the following notation: "FOR ADDITIONAL 30' R/W SEE PLANS OF SERVICE ROAD." The additional thirty-foot

right-of-way to which this notation refers is obviously the additional thirty-foot right-of-way mentioned in the deed dated September 12, 1956.

The other page, marked "ANDREW PATTERSON, JR.; D-9-12-56," contains a notation to "Place 140' 18" R.C. Pipe." An arrow points from this notation to the existing drainage pipe that both pages indicate will be retained and extended. The 18-inch reinforced concrete pipe that is to be placed for 140 feet is shown extending toward and onto the Pattersons' land. The 140 feet of 18-inch concrete pipe was to lie in an outfall ditch for which 50 cubic yards of excavation would be required.

The Pattersons' deed and the other documents, as required by statute, were filed, as an affidavit of a department assistant maintenance engineer suggests, in the Department's offices in Columbia. Code of Laws of S.C. § 33-144 (1952); S.C. Code Ann. § 57-5-550 (1991). The filing of these instruments provided a record sufficient "to impart notice," albeit constructive notice, to Fuller-Ahrens of the deed and its contents, including the deed's reference to the Department's plans, "just as though such transaction[ ] [was] recorded in the county where the land is situate." Code of Laws of S.C. § 33-145 (1952) (later codified at S.C. Code Ann. § 57-5-560 (1976) and repealed 1987); cf. S.C. Code Ann. § 30-9-30 (1991) (current version of notice statute); David H. Means, *The Recording of Land Titles in South Carolina (Herein a Bona Fide Purchase of Land): A Title Examiner's Guide*, 10 S.C.L.Q. 346, 405 (1958); *see Arceneaux v. Arrington*, 284 S.C. 500, 327 S.E. (2d) 357 (1985) (wherein the court held a party was on inquiry notice as to restrictive covenants clearly referenced in a deed as of the date of filing of the deed); *Carolina Land Co., Inc. v. Bland*, 265 S.C. 98, 217 S.E. (2d) 16 (1975) (wherein the court held the law imputes to a purchaser notice of recitals in any properly recorded instrument forming a link in the chain of title to the property to be acquired); 66 Am. Jur. (2d) *Records and Recording Laws* § 104, at 404 (1973) ("[T]he recording of a deed . . . or other instrument entitled to be recorded is constructive notice to purchasers . . . who, subsequent to the recording, acquire some interest or right in the property under the grantor. . . ."); 92 C.J.S. *Vendor & Purchaser* § 337, at 253 (1955) ("[T]he record of a conveyance

which is entitled to be recorded ... is constructive notice to ... subsequent purchasers claiming under the same grantor. ...").

## II.

We do not discuss the issues surrounding the trial court's grant of summary judgment to the Department on the grounds of *res judicata*, accord and satisfaction, equitable estoppel, and prescriptive easement. There is no need to do so, even if the trial court improperly granted summary judgment on these grounds, since we uphold the trial court's grant of summary judgment for other reasons and on different grounds. *Cf. Weeks v. McMillan*, 291 S.C. 287, 353 S.E. (2d) 289 (Ct. App. 1987) (a decision of the trial court based on alternative grounds, either of which independent of the other is sufficient to support the trial court decision, will not be reversed even if one ground is erroneous).

## III.

Fuller-Ahrens argues the preliminary injunction granted by the trial court is not necessary to prevent irreparable harm.

The granting of preliminary injunctive relief is within the sound discretion of the trial court and will not be overturned absent an abuse of that discretion. *Transcontinental Gas Pipe Line Corp. v. Porter*, 252 S.C. 478, 167 S.E. (2d) 313 (1969). We find no abuse of discretion here.

## IV.

Because Fuller-Ahrens set forth no point in the statement of issues on appeal that relates to the trial court's grant of summary judgment to Commonwealth, we need not concern ourselves with the contentions directed against Commonwealth in Fuller-Ahrens' reply brief. *See* Rule 207(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal."); 15 S.C. Juris. *Appeal and Error* § 83, at 173 (1992) ("An appellant cannot argue new grounds for reversal by reply brief or oral argument.").

Affirmed.

BELL, J., concurs in a separate opinion, and CURETON, J., concurs and dissents in a separate opinion.

BELL, Judge (concurring):

I fully concur in the opinion of Judge Goolsby. I agree that Fuller-Ahrens Partnership had constructive notice of the Department's easement across its property. For the reasons stated in the opinion of Judge Cureton, I agree that Fuller-Ahrens is also barred by the actual notice of its predecessors in title.

CURETON, Judge (concurring and dissenting):

The majority opinion is premised upon the view that Fuller-Ahrens had constructive notice of the Department's easement to install a 140' (length) by 18" (diameter) reinforced concrete pipe across the property of Fuller-Ahrens. The majority supports this holding by referring to the Department's right-of-way deed which makes reference to the 1956 condemnation plans.

The law imputes to a purchaser of real estate notice of the recitals contained in any properly recorded writing which forms a link in his chain of title. *Carolina Land Co. v. Bland,* 265 S.C. 98, 107, 217 S.E. (2d) 16, 20 (1975); *Moyle v. Campbell,* 126 S.C. 180, 193, 119 S.E. 186, 190 (1923); *National Bank of Newberry v. Livingston,* 155 S.C. 264, 268, 152 S.E. 410, 412 (1930). A person who is ignorant of facts for which the presumption of constructive notice arises does not have constructive notice of such facts. *Williams v. Jefferson Standard Life Insurance Co.,* 187 S.C. 103, 115, 196 S.E. 519, 524 (1938). To afford notice of a provision in a recorded instrument, the language must be so intelligible and significant that it would naturally raise a well-grounded suspicion in the mind of a reasonably prudent person, or a person of ordinary diligence and understanding, sufficient to suggest an inquiry that would lead to a knowledge of the facts. *Floyd County Board of Education v. Johnson,* 260 S.W. (2d) 217, 218 (Ky. 1953).

Contrary to the conclusion reached by the majority, I do not view the plans as indicating the alleged easement. While the plans have the notation "Place 140' 18" R.C. Pipe," the arrow from the notation points to broken lines within the right-of-way area, not to an area outside the right-of-way and on

Fuller-Ahrens' property. The broken lines within the road right-of-way are approximately 140' to 150' in length. Thus, the notation could just as well refer to the then existing pipe under U.S. Highway 76 plus such additional pipe as to make the total length of the 18" pipe 140 feet.

Moreover, on a motion for summary judgment, the documentary evidence must be viewed in the light most favorable to Fuller-Ahrens. *Baughman v. American Telephone and Telegraph Co.*, 306 S.C. 101, 115, 410 S.E. (2d) 537, 545 (1991). Viewed in that light, the recorded documents simply do not provide a reasonably prudent person notice that the Department had acquired a 140' easement across Fuller-Ahrens' property. At a minimum the plans are ambiguous. I would not hold as a matter of law the plans furnished constructive notice.

As pertains to the trial judge's holding that Fuller-Ahrens' action is barred because its predecessor in title had actual notice of the existence of the easement, the record supports this holding. In his affidavit, Gerald Shealy, former Resident Maintenance Engineer for Richland County, states that for more than twenty years water from the frontage road has been collected in a catch basin, conveyed by pipe underneath the frontage road, "and past the frontage road through the property now owned by the Fuller-Ahrens Partnership for a distance of approximately 140' [where] it is discharged onto the property owned by the Fuller-Ahrens Partnership."

We have reviewed that part of the record of the 1956 condemnation proceeding which is available on appeal. At that proceeding, Eugene R. Patterson, attorney in fact for the son of Andrew Patterson, the owner of the property, discussed at length an "outfall ditch" and the effect the dumping of additional water from the construction would have on his father's property.

There are also several affidavits to the effect that since Fuller-Ahrens blocked the pipe in question, the surrounding area has encountered serious flooding.

The law imputes knowledge when opportunity and interest, coupled with reasonable care, would necessarily impart it. *Nettles v. Childs*, 100 F. (2d) 952, 957 (4th Cir. 1939). Where there are circumstances sufficient to put a party upon inquiry,

he is held to have notice of everything which an inquiry, properly conducted, would disclose. *City of Greenville v. Washington American League Baseball Club*, 205 S.C. 495, 509, 32 S.E. (2d) 777, 782 (1945). "Actual notice may be inferred from circumstances. That which puts a party upon inquiry may be the equivalent of actual notice." *Patellis v. Tanner*, 197 Ga. 471, 29 S.E. (2d) 419, 424 (Ct. App. 1944); *see Orphanoudakis v. Orphanoudakis*, 199 Va. 142, 98 S.E. (2d) 676, 681 (1957) (means of knowledge coupled with duty of using means is equivalent to knowledge itself); 58 Am. Jur. (2d) *Notice* § 14 (1989).

I would hold that the uncontradicted assertion by Gerald Shealy that the pipe has been dumping water onto the subject property for more than 20 years, and the testimony of Patterson that he expected additional water to be dumped on the property as a result of the highway construction, together with evidence of the great amount of water actually discharged onto the property necessarily must have supplied the previous owners adequate notice of the existence of the pipe installed by the Department.

Because Fuller-Ahrens' predecessors in title had actual notice of the existence of the pipe for more than six years prior to the commencement of this action, I would hold Fuller-Ahrens' action is barred by the statute of limitations.