I

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 MidFirst Bank, Respondent,
 v.
 Marie Brooks, Appellant.
 
 
 

Appeal From Sumter County
 Linwood S. Evans, Jr., Master-in-Equity
Unpublished Opinion No. 2008-UP-196
Submitted March 4, 2008  Filed March 20,
 2008
AFFIRMED

 
 
 
 Marie Brooks, of Sumter, pro se.
 Dean Anthony Hayes, of Columbia, for Respondent.
 
 
 

PER CURIAM:  This
 is a foreclosure case.  The trial court granted summary judgment to MidFirst
 Bank, Inc., holding the mortgagor, Marie Brooks was precluded from asserting
 certain defenses and counterclaims.  Brooks appeals.  We affirm.[1]
FACTS AND PROCEDURAL HISTORY
In 1990, Brooks executed and delivered a
 mortgage note to First Carolina Mortgage Corporation in which she promised to
 pay a principal sum of $71,025.00.  In order to secure payment of the note, Brooks
 also executed and delivered to First Carolina a mortgage of real property
 located in Sumter County.
On April 14, 1998, MidFirst, the current assignee of the note and
 mortgage, filed a foreclosure action against Brooks, alleging Brooks failed to
 make the payments required by the note.  Brooks was served on May 29, 1998.  On
 July 17, 1998, without responding to the summons and complaint in the
 foreclosure action, Brooks filed a Chapter 13 bankruptcy petition in the United
 States District Court for South Carolina, thereby staying the foreclosure
 action.
Brooks included the mortgage debt in her Chapter 13 payment plan,
 noting the payments were $280 or more per month plus 8.25% interest.  By
 settlement order dated January 23, 2001, the bankruptcy judge set forth the
 payments that Brooks was to make and further provided that, in the event she
 failed to comply with the order, MidFirst would automatically be entitled to
 relief from the bankruptcy stay by filing an affidavit with the bankruptcy
 court.
On
 September 10, 2002, the bankruptcy court issued an order finding Brooks defaulted
 on the terms of the settlement order.  As a result, the automatic bankruptcy stay
 was lifted, enabling MidFirst to proceed with the foreclosure.  In January
 2003, MidFirst filed an amended summons and complaint in the foreclosure
 action.  On April 11, 2003, Brooks filed a responsive pleading, in  which she
 denied MidFirst was entitled to the relief it requested and counterclaimed for
 relief under the South Carolina Tort Claims Act, setoff for payments allegedly
 made, slander, and intentional infliction of emotional distress.
On
 November 13, 2005, the parties entered into a consent dismissal under Rule
 40(j), SCRCP.  In 2005, they agreed to have the matter restored to the active roster. 
 The matter was then referred to the Sumter County Master-in-Equity.
On
 August 8, 2005, MidFirst filed a motion for summary judgment, including with
 the motion an affidavit stating the total debt, excluding costs of the action,
 was $86,585.71.  In response, Brooks submitted an affidavit alleging (1)
 MidFirst failed to give her credit for numerous payments; (2) the bankruptcy
 trustee wrongfully returned a number of payments that would have significantly
 reduced her debt: (3) because of numerous assignments of her loan, she was not
 given timely credit for all payments made; (4) MidFirst had made fraudulent
 representations to her regarding its investigation of her account; and (5)
 MidFirsts alleged mishandling of her account forced her to file bankruptcy,
 thus harming her credit rating and financial reputation.
A hearing on the motion took place on October 12, 2005.  By order
 dated November 16, 2005, the Master granted summary judgment to MidFirst,
 holding Brooks could not pursue her counterclaims because of lack of standing,
 judicial estoppel, and res judicata.  This appeal follows.
STANDARD OF REVIEW
In reviewing an order of summary judgment, an appellate
 court applies the same standard as that which the circuit court applied in
 determining whether to enter the order.  Helms Realty, Inc. v. Gibson-Wall
 Co., 363 S.C. 334, 340, 611 S.E.2d 485, 488 (2005).  Summary judgment is
 appropriate if the pleadings, depositions, answers to interrogatories, and
 admissions on file, together with the affidavits, if any, show that there is no
 genuine issue as to any material fact and that the moving party is entitled to
 a judgment as a matter of law.  Id. (citing Rule 56, SCRCP).  Nevertheless,
 when an appellate court affirms the grant of summary judgment on a particular basis,
 it need not discuss the remaining grounds.  Fuller-Ahrens Pship v. S.C.
 Dept of Highways and Pub. Transp., 311 S.C. 177, 182, 427 S.E.2d 920, 923
 (Ct. App. 1987).
LAW/ANALYSIS
Brooks
 argues that, notwithstanding that her inadvertent failure to list certain
 claims and defenses in her Chapter 13 bankruptcy action, equitable factors and principles
 allow her to them against MidFirst in the foreclosure action.  She further maintains
 the evidence she presented to the Master regarding these claims and defenses is
 sufficient to create a genuine issue of material fact as to whether MidFirst is
 entitled to judgment.  Assuming without deciding that Brooks has adequately
 preserved this issue for appellate review,[2] we hold the equitable factors and principles on which she relies do not allow
 her to proceed on her counterclaims and defenses.
Once a debtor files
 for bankruptcy in the federal court, an estate is created that is comprised of
 all legal or equitable interests of the debtor in property as of the
 commencement of the case.  11 U.S.C.A. §541(a)(1) (2004).  Upon filing, the
 debtor is required to file a list of all creditors and a schedule of assets and
 liabilities, unless the bankruptcy court orders otherwise.  Id. §
 521(a)(1)(A)-(B)(i) (Supp. 2007).  Legal or equitable interests has been broadly
 defined to include causes of action.  In re Educators Group Health Trust,
 25 F.3d 1281, 1283-84 (5th Cir. 1994) (citation omitted).  If a cause of
 action belongs to the estate, then the trustee has exclusive standing to assert
 the claim.  Id. at 1284.  
When
 bankruptcy proceedings close, any assets, including
 claims, that were scheduled by the debtor but not disposed of are deemed
 abandoned and revert to the debtor.  Tyler House Apartments, Ltd. v.
 U.S., 38 Fed. Cl. 1, 6 (1997).  Unscheduled claims, however, remain under
 the control of the bankruptcy trustee.  Id. If a cause of action
 belongs to the estate, then the trustee has exclusive standing to assert the
 claim.  Educators Group Health Trust, 25 F.3d at 1284.
In
 the present case, Brooks concedes she failed to include in her Chapter 13
 Bankruptcy Schedule B the defenses and counterclaims she sought to enforce
 against MidFirst in the foreclosure action, but contends this failure was
 inadvertent.  She further argues her responsive pleadings were a matter of
 record prior to the bankruptcy and the simple mistake of not listing should not
 result in the complete loss of [her] right to contest a foreclosure and
 specific defenses of tendered payment when evidence exists the allegations of
 nonpayment are not true.  As we have noted in the facts and procedural
 background, however, Brooks did not file responsive pleadings until April 11,
 2003, seven months after the bankruptcy stay was lifted.  Her assertion, then,
 that MidFirst had record notice of her defenses and counterclaims is incorrect
 and cannot support her reliance on equitable factors and principles as grounds to
 pursue the claims and defenses she seeks to pursue in the foreclosure proceeding. 
 
We
 therefore hold the grant of summary judgment was proper based on the
 determination that Brooks lacked standing to assert the defenses and
 counterclaims that she raised in her responsive pleadings.  Because this basis
 is sufficient to support the Masters decision, we do not address the other
 grounds for his decision concerning judicial estoppel and res judicata.  See Weeks v. McMillan, 291 S.C. 287, 292, 353 S.E.2d 289, 292 (Ct. App.
 1987) (Where a decision is based on alternative grounds, either of which independent
 of the other is sufficient to support it, the decision will not be reversed
 even if one of the grounds is erroneous.).
AFFIRMED.
ANDERSON, SHORT, and THOMAS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  MidFirst acknowledges Brooks raised the issue in her
 memorandum submitted in opposition to the summary judgment motion, but points
 out the Master did not rule on it in his order.  Although Brooks filed a motion
 for reconsideration, the motion itself is not included in the record on
 appeal.  The order denying the motion, which is included in the record does not
 specifically address the argument concerning equitable factors and principles
 that Brooks presents in this appeal.