725 S.E.2d 128

NORTH POINT DEVELOPMENT GROUP, LLC, Appellant,

v.

SOUTH CAROLINA DEPARTMENT OF
TRANSPORTATION, Respondent.

No. 4954.

Court of Appeals of South Carolina.

Heard Jan. 12, 2012.
Decided March 14, 2012.
Rehearing Denied May 11, 2012.

John R. Chase, of Florence, and Sarah P. Spruill, of Columbia, for Appellant.

Beacham O. Brooker, Jr., of Columbia, for Respondent.

LOCKEMY, J.

North Point Development Group, LLC (North Point) appeals the circuit court's finding that it lacked jurisdiction to review the South Carolina Department of Transportation's (the Department) decision to deny North Point's application for an encroachment permit. North Point contends neither the chain of title, nor the Florence County tax assessor's records, indicate the property at issue was located at a controlled-access intersection. North Point also argues the Department's denial of its permit application was arbitrary,

capricious, and characterized by an abuse of discretion. We affirm in part, reverse in part, and remand.

## FACTS/PROCEDURAL BACKGROUND

North Point owns a parcel of land (the Property) at the intersection of U.S. Highway 378 and S.C. Highway S–21–57 in Florence County. On November 10, 2009, North Point applied to the Department for an encroachment permit to construct a driveway from the Property onto U.S. 378. The Department determined the area of the proposed driveway was a controlled-access facility and denied North Point's request for a permit.[1] Thereafter, North Point petitioned the circuit court for judicial review of the Department's decision. North Point sought a reversal of the Department's decision on the grounds that the denial of the permit application was a taking of a property right and violated several constitutional protections, or, in the alternative, reimbursement from the Department for its loss of direct access to U.S. 378. North Point also argued the Department's denial was arbitrary, capricious, and characterized by an abuse of discretion.

In response, the Department argued it did not have the authority to issue an encroachment permit for a controlled-access facility and the circuit court did not have jurisdiction to review the matter. According to the Department, the judicial review authorized by section 57–5–1120 of the South Carolina Code (2006) applies only to denials of applications for private driveway entrances onto non-controlled-access highways.[2]

---

1. The Department is authorized to acquire rights of access to establish controlled-access facilities by section 57–5–1070 of the South Carolina Code (2006). Once a controlled-access facility has been established, no person may have rights of ingress and egress across the controlled-access lines, "except at such designated places at which access may be permitted, upon such terms and conditions as may be specified from time to time by the Department." S.C.Code Ann. § 57–5–1040 (2006).

2. Pursuant to section 57–5–1120, "any abutting property owner or lessee may file an application within thirty days from a decision of the department in the administration of Sections 57–5–1080 to 57–5–1110 for a hearing in the matter before a circuit judge. . . ." S.C.Code Ann. § 57–5–1120 (2006). Section 57–5–1080 provides for a permit system for side-road entrances or private driveways onto highways not designated as controlled-access facilities. S.C.Code Ann. § 57–5–1080 (2006).

The Department maintained it purchased access rights to the Property from North Point's predecessor-in-title, Jeanne Swintz, in 1997.

On December 18, 2009, a hearing was held before the circuit court. At the hearing, North Point argued the Swintz deed was deficient and did not effectively transfer access rights to the Department. North Point maintained the Swintz deed refers to highway plans dated April 23, 1996, whereas the plans presented by the Department bear the dates of April 29 and 30, 1997. The Department explained the April 29 and 30, 1997, plans are the "as-built" plans filed after the completion of the project showing the controlled-access line created after Swintz granted the rights of access to the Department. According to the Department, pre-construction plans are changed into as-built plans as projects progress and rights of access are negotiated.

In a January 12, 2010 order, the circuit court dismissed North Point's complaint for lack of jurisdiction to review encroachment permits onto controlled-access highways. The court held the judicial review authorized by section 57–5–1120 applied only to encroachment permit applications for non-controlled-access highways. The court determined the Department legally acquired access rights to the Property from Swintz under the terms of section 57–5–1070. The court also found the Department validly established the intersection was a controlled-access facility. The court noted no revisions to the notation of the new control of access line were indicated after the earliest date appearing on the plans, April 23, 1996.

On February 2, 2010, North Point filed a motion for reconsideration. North Point argued the court erred in finding the plans at issue were "so filed under [section] 57–5–570" of the South Carolina Code (2006). North Point maintained that because the Department's highway plans are stored at the Department's District Office in Florence and not at the office of the Florence County Tax Assessor as required by section 57–5–570, it was deprived of its right to have such information available at the location required by law. North Point also argued the Swintz deed was unclear regarding the grant of access rights to the Department, and the circuit court had

jurisdiction to review the Department's decision pursuant to Article I, Section 22 of the South Carolina Constitution.

The circuit court denied North Point's motion for reconsideration. The court determined the language of the Swintz deed was sufficient to put purchasers on notice that access rights had been "alienated and impose upon those persons a duty of further inquiry into the status of that title irrespective of the technical issue of strict compliance with the statute regarding local storage of highway plans." This appeal followed.

## LAW/ANALYSIS

### I. Chain of Title

North Point argues the circuit court erred in finding the chain of title was sufficient to establish a grant of access rights from Swintz to the Department. We disagree.

According to the Swintz deed, Swintz conveyed to the Department "0.570 acre of land, damages, and all improvements thereon, if any, including rights of access as may be needed for controlled access facilities." The Swintz deed specifically references the Department's highway plan dated April 23, 1996. North Point argues the Swintz deed fails to specify the precise location of the controlled-access line, the scope of any controlled access, or the access rights of the remainder of the Property. North Point contends the presence of a controlled-access line is uncertain because the April 23, 1996 plan referenced in the deed was not produced. The Department argues that although the Swintz deed does not contain the precise location of the controlled-access line, the plans referenced therein contain the location of the line.

We find the Swintz deed was sufficient to establish a grant of controlled access rights. The record contains two title pages and two highway plan sheets from the Department's file which pertain to the area at issue. The plan sheets, dated April 29 and 30, 1997, indicate a controlled-access line extends the full length of the Property along U.S. 378. According to the Department, these plans are "as-built" plans which incorporate all revisions made during the course of the project beginning with the right-of-way plans. The title pages contain the dates any revisions to the plans were made and the names

of the engineers approving the revisions. The second title sheet in the record indicates the final seal and approval for right-of-way purposes by the road design engineer was made on April 23, 1996. Pursuant to the first title sheet, no right-of-way revisions were made after April 23, 1996. Accordingly, we find the highway plans referenced in the deed show Swintz conveyed access rights to the Department. *See Fuller–Ahrens P'ship v. S.C. Dept. of Highways & Public Transp.,* 311 S.C. 177, 181, 427 S.E.2d 920, 922 (Ct.App.1993) (holding where a deed incorporates highway plans by reference, those plans and the notations thereon must be read with the deed).

■ North Point also argues the Department's denial of its encroachment permit constitutes a taking of a private property right without just compensation. We disagree. Pursuant to the Swintz deed, Swintz conveyed access rights to the Property to the Department in 1997. Therefore, because Swintz conveyed the access rights before North Point purchased the Property, North Point does not have a property right to protect.

## II. Plan Maintenance

■ North Point argues the circuit court erred in finding the Department properly maintained the official highway plans for the intersection at issue. We disagree.

Pursuant to section 57–5–570,

[t]he [D]epartment shall maintain in the office of the tax assessor for each of the several counties a copy of all highway plans on which are indicated the widths of the rights-of-way for each road in the related district or county and an alphabetical list of property owners on each road for which rights-of-way have been acquired. These records must be for the convenience of persons making inquiry as to the right of the State in and to the right-of-way for roads constructed by the [D]epartment in any county.

S.C.Code Ann. § 57–5–570 (2006). The circuit court found the Swintz deed was sufficient to provide · notice to potential purchasers that access rights to the Property had been conveyed and impose on those persons a duty "of further inquiry into the status of that title irrespective of the technical issue of strict compliance with the statute regarding local storage of highway plans." The circuit court determined the mainte-

nance of the highway plans at the Department's Florence office instead of the Florence County Tax Assessor's office did not deprive North Point of any constitutional right. The court noted its finding was supported by the "language of S.C.Code § 57–5–570 which requires a *copy* of all highway plans be *maintained by* the Department in the offices of the individual tax assessors." The court found the originals, or the "primary source of relevant information, is the [Department] itself."

North Point contends that because the Department's highway plans are not stored at the Florence County Tax Assessor's office as required by section 57–5–570, it was deprived of its right to have such information available at the location required by law. The Department argues highway plans are easily obtainable from any Department office and the plan library is available for download by professional land surveyors. We find the language of the Swintz deed was sufficient to put potential purchasers on notice that access rights to the Property had been conveyed to the Department and that such conveyance was noted on the highway plans. Although a copy of the plans was not located in the tax assessor's office, the originals were located in Florence County and were available for review.

### III. Jurisdiction

■ North Point argues the circuit court erred in finding it lacked jurisdiction to review the Department's refusal to consider North Point's permit application. We agree.

Pursuant to section 57–5–1040, once a controlled-access facility has been established, no person may have rights of ingress and egress across the controlled-access lines, "except at such designated places at which access may be permitted, upon such terms and conditions as may be specified from time to time by the Department." S.C.Code Ann. § 57–5–1040 (2006). North Point maintains the Department abused its discretion under section 57–5–1040 by summarily rejecting its encroachment permit application. We find the circuit court has jurisdiction to determine whether the Department's refusal to consider North Point's permit request is an abandonment of the discretion provided by the statute. *See Cole v. Manning,* 240 S.C. 260, 267–68, 125 S.E.2d 621, 625 (1962) (holding that while the courts may not substitute judicial discretion for administrative discretion, capricious or arbitrary exercise of

administrative discretion is subject to judicial review). Accordingly, we reverse the circuit court's finding that it lacked jurisdiction to review the Department's denial of North Point's permit application and remand to the circuit court for reconsideration. Should the circuit court determine the Department abused its discretion in failing to consider North Point's permit application, it should remand to the Department for reconsideration.

## CONCLUSION

We affirm the circuit court's findings that: (1) the chain of title was sufficient to establish a grant of access rights from Swintz to the Department; and (2) the maintenance of the highway plans at the Department's Florence office did not deprive North Point of any statutory right. We reverse the circuit court's finding that it lacked jurisdiction to review the Department's denial of its permit application, and remand to the circuit court to determine whether the Department abused its discretion in declining to consider North Point's permit application.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

HUFF and PIEPER, JJ., concur.